UNITED STATES of America,
Plaintiff-Appellee,

v.

Rufus WILLIAMS, Defendant-Appellant.

No. 80–1779.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 1981.

Decided July 7, 1981.

Rehearing Denied Sept. 8, 1981.

David P. Curnow, McWilliams, Amos & Curnow, San Diego, Cal., for defendant-appellant.

Bruce R. Castetter, Asst. U. S. Atty., argued, M. James Lorenz, U. S. Atty., Stephen W. Peterson, Asst. U. S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Before PREGERSON and REINHARDT, Circuit Judges and HARDY *, District Judge.

### ORDER

The opinion filed on June 26, 1981 is withdrawn and the judgment is vacated. Judgment is hereby re-entered in accordance with the opinion filed this date.

Appeal from the United States District Court for the Southern District of California.

---

* Honorable Charles L. Hardy, United States District Judge for the District of Arizona, sitting by designation.

PREGERSON, Circuit Judge:

Pursuant to Fed.R.Crim.P. 35, Williams moved the district court to modify his sentence imposed after retrial following his earlier successful appeal. Williams contended that his second sentence was harsher than the original sentence, and that the district judge, in imposing a more severe sentence after retrial, failed to follow the standards enunciated in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The district court denied the Rule 35 motion. Williams appeals. We reverse.

In 1978, a federal jury found Williams guilty of robbing a San Diego branch of the Bank of America. The presentence report disclosed that California authorities were investigating Williams for murder. The district judge sentenced Williams to a twenty-year prison term. Williams would have been eligible for federal parole under 18 U.S.C. § 4205(a) after serving one third of his sentence—six years and eight months. While the federal bank robbery conviction was on appeal, Williams was charged with and convicted of first degree murder in San Diego Superior Court. The state judge sentenced Williams to a term of life imprisonment, to run concurrently with his twenty-year federal sentence. Under Cal.Penal Code §§ 3041 and 3046, Williams will be eligible for parol on his state sentence after seven years. Therefore, by serving his sentences concurrently, Williams would have been eligible for parole on both sentences after seven years.

This court reversed the bank robbery conviction in *United States v. Williams*, 594 F.2d 1258 (9th Cir. 1979), on Sixth Amendment grounds not relevant here. In October 1979, Williams was retried in federal court and again convicted of bank robbery. We affirmed his second conviction. *United States v. Williams*, 626 F.2d 1258 (9th Cir. 1980).

In January 1980, before imposing final sentence, the district judge committed Williams for a study under 18 U.S.C. § 4205(c). The Bureau of Prisons conducted the study and recommended a ten-year sentence, noting Williams's "current positive attitude about parole and gaining suitable job skills and good work habits that he now lacks." In April 1980, the district judge sentenced Williams to ten years imprisonment, but ordered that the sentence run consecutively to the existing state life term. Under this sentencing plan, the shortest period of imprisonment Williams must serve is ten years and four months—seven years on the state offense plus three years and four months (one third of ten years) on the federal offense.[1]

Williams contends that in ordering the federal sentence to run consecutively to the state sentence, the district court contravened the standards under which a court may increase a sentence after retrial and reconviction. In *North Carolina v. Pearce*, 395 U.S. at 725, 89 S.Ct. at 2080, the Supreme Court held that due process requires that vindictiveness against a defendant for having successfully attacked his first conviction play no part in resentencing a defendant after a new trial, and that a defendant be free of any apprehension of retaliatory motivation on the part of the resentencing judge. To assure that vindictiveness plays no part in resentencing proceedings, the Court fashioned a broad protective rule:

> [W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning *identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.*

This period is the same as that determined after Williams's first conviction. Thus, under the existing sentencing plan Williams could spend up to six years longer in prison than he would have spent had he not appealed his first conviction.

1. After Williams's second robbery conviction, the United States Parole Commission assigned Williams a "salient factor score" of three. Accordingly, under the parole guidelines set forth in 18 C.F.R. § 2.20 for crimes of "very high" severity, he will probably serve sixty to seventy-two months on the bank robbery conviction.

395 U.S. at 726, 89 S.Ct. at 2081. (emphasis added).

To decide this appeal we must first determine whether Williams's second federal sentence is more severe than the first. Then, if the second sentence is more severe, we must decide whether the increase in severity was based on identifiable conduct of Williams occurring after the original sentencing.

 Williams attacks a sentence technically one half as long as that imposed after his first conviction. The record indicates that the court shortened the robbery sentence from twenty to ten years because of Williams's efforts to rehabilitate himself and the favorable recommendation of the Bureau of Prisons. Yet, the court effectively increased Williams's overall punishment by ordering that the ten-year term run consecutively to the state sentence.[2] In determining whether the second sentence is harsher than the first, we look not at the technical length of the sentence but at its overall impact on Williams. *Thurman v. United States*, 423 F.2d 988, 989–90 (9th Cir.), *cert. denied*, 400 U.S. 911, 91 S.Ct. 148, 27 L.Ed.2d 151 (1970); *Gilbert v. United States*, 401 F.2d 507, 508–09 (9th Cir. 1968).

 When the practical effect of a second sentence after retrial is to increase the amount of time the defendant would have served in prison under the original sentence, the sentencing judge has in- creased the severity of punishment and thus implicated the *Pearce* rule. *See, e. g., United States v. Markus*, 603 F.2d 409, 413–14 (2nd Cir. 1979); *United States v. Young*, 593 F.2d 891, 893 (9th Cir. 1979); *United States v. Mathis*, 579 F.2d 415, 419 (7th Cir. 1978); *Barnes v. United States*, 419 F.2d 753, 754–55 (D.C.Cir.1970). Our decision in *United States v. Young* presented facts closely analogous to this case. In *Young* the district judge sentenced the defendant to a prison term after his conviction on drug charges. While the appeal from that conviction was pending, Young was indicted for a separate drug offense and convicted before a different district judge who sentenced Young to a prison term to run concurrently with the first sentence. After this court reversed the first conviction, Young was retried and again convicted. The district judge who had sentenced Young on the original conviction reimposed the same sentence, but ordered that it run consecutively to that imposed on the inter- vening conviction. We held that imposition of the consecutive sentence amounted to an increase in punishment under *Pearce*. 593 F.2d at 893.

That Williams's intervening conviction was in state court is no reason to distin- guish the facts before us from those presented in *Young*. In each situation the overall impact of the second sentence is that the defendant must serve a longer period of incarceration. Moreover, con-

---

**2.** The Ninth Circuit has concluded that a feder- al judge is powerless to order that a federal sentence run concurrently with state confine- ment. *United States v. Segal*, 549 F.d 1293, 1301 (9th Cir.), *cert. denied*, 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977); *United States v. Meyers*, 451 F.2d 402, 404 (9th Cir. 1972). This rule would equally seem to pre- clude a district court from ordering that a fed- eral sentence run consecutively to a state sen- tence. A sentencing judge is free, however, to recommend to the Bureau of Prisons that a federal sentence run concurrently with or con- secutively to state confinement. *United States v. Meyers*, 451 F.2d at 404. The Bureau of Prisons normally honors the court's recommen- dation. *United States v. Herb*, 436 F.2d 566, 568 (6th Cir. 1971). Further, the former coun- sel to the Director of the Bureau of Prisons has pointed out that if a court makes no recommen- dation, the Bureau will designate that the feder- al sentence be served in a federal institution, and the sentence will automatically run consec- utively to any existing state sentence. Barkin, *Comments on Various Sentencing Situations*, 37 F.R.D. 191, 195 (1964); *accord, Causey v. Civiletti*, 621 F.2d 691, 693 n.2 (5th Cir. 1980); *Gomori v. Arnold*, 533 F.2d 871, 875–76 (3rd Cir.), *cert. denied*, 429 U.S. 851, 97 S.Ct. 140, 50 L.Ed.2d 125 (1976); *Larios v. Madigan*, 299 F.2d 98, 100 (9th Cir. 1962). In other words, a district court's desire that a sentence run con- currently with or consecutively to a state sen- tence will be carried out by the Bureau of Prisons. Therefore, even if we treat the second sentencing order as merely recommending that Williams serve his federal sentence consecu- tively to his state sentence, as a practical mat- ter, the *Pearce* issue remains alive.

sidering the policies that underlie the rule in *Pearce*, we note that the risk of vindictiveness on the part of the resentencing judge is identical in each situation, as is the potential chilling effect on the defendant's right to appeal. We conclude that Williams's second robbery sentence is harsher than the first.

It is undisputed that the murder for which Williams was convicted occurred before he was sentenced on the first bank robbery conviction. The government contends that the district court did not violate the rule formulated in *Pearce* because Williams had not yet been indicted by California for murder at the time of the original sentencing. Since Williams's indictment and conviction are events that occurred after the first sentencing and reflect negatively on Williams's character, the government urges they may support an increase in punishment. The government's argument, however, conflicts with the clear language of the Court's opinion in *Pearce* that only conduct on the part of the defendant occurring after the time of the first sentencing can serve as a basis for increased punishment after retrial. 395 U.S. at 726, 89 S.Ct. at 2081.

■ Given the explicit language in *Pearce*, we hold that Williams's indictment and conviction in state court, which occurred after the original federal sentencing proceeding, may not serve as a basis for increased punishment upon resentencing after retrial, when the criminal conduct underlying the state conviction occurred before the original federal sentence was imposed.[3] *Cf. United States v. Markus*, 603 F.2d at 414 (intervening convictions based on indictments pending at the time of the first sentencing proceedings cannot support an increase in punishment). The record is silent as to any conduct of Williams occurring after the first sentencing which could

support an increase in punishment. We therefore conclude that the increase in severity of Williams's second sentence after retrial violates the clear standard set forth in *Pearce*.

The sentence imposed by the district court is amended by striking that court's order that Williams's ten year sentence run consecutively to his state sentence of life imprisonment.

REVERSED.

---

**3.** Justice White's partial dissent in *Pearce* supports our reading of the majority opinion. Justice White believed the Court "should authorize an increased sentence on retrial based on any objective, identifiable factual data not known to the trial judge at the time of the original sentencing proceeding." 395 U.S. at 751, 89 S.Ct. at 2088. Had the majority intended that subsequent events other than the defendant's conduct could justify increased punishment, Justice White would have had no need to dissent. *See, United States v. Lopez*, 428 F.2d 1135, 1139 (2nd Cir. 1970).