**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Richard TERROVONA,**
**Defendant-Appellant.**

No. 84–3134.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 23, 1985.[*]

Decided March 25, 1986.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a) and Ninth Circuit Rule 3(f).

David Marshall, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

James Vonasch, Seattle, Wash., for defendant-appellant.

Before ANDERSON, HUG and REINHARDT, Circuit Judges.

HUG, Circuit Judge:

Between September, 1977 and July, 1981, James Richard Terrovona collected child's insurance benefits under the federal Old Age and Survivor's Benefits Act ("OASDI"), 42 U.S.C. §§ 401–433 (1982), by falsely claiming that he was enrolled in college. In March, 1982, Terrovona was convicted of knowingly making false statements to the Social Security Administration (Count III) and of fraudulent failure to disclose facts affecting his continued eligibility for OASDI benefits (Count V). He was sentenced to one year's imprisonment on Count III and to three years' probation on Count V, to begin after the sentence on Count III had been served. Terrovona served the full one-year sentence on Count III and was released on probation. As a condition of probation, he was required to make restitution and obey all laws.

On May 24, 1984, while he was still on probation, Terrovona was convicted of first degree murder in Washington state court. On May 29, Terrovona's federal probation officer requested revocation of Terrovona's probation. The district court revoked Terrovona's probation and sentenced him to the maximum one-year sentence on Count V, to be served after the completion of Terrovona's state sentence for murder.

Terrovona now appeals from the district court's order, arguing that the federal sentence should be served concurrently with the state sentence. He contends that: (1) the district court failed to exercise its discretion in imposing the one-year consecutive sentence; and (2) the sentence violates the eighth amendment under the facts of this case.

The initial question is whether the district court had discretionary authority to specify that the federal sentence run concurrently with the state sentence. Some of our prior decisions have interpreted former 18 U.S.C. § 3568 to mean that federal judges have no authority to impose federal sentences which run concurrently with

state sentences when the prisoner is in state custody. *United States v. Segal,* 549 F.2d 1293, 1301 (9th Cir.1977); *United States v. Myers,* 451 F.2d 402, 404 (9th Cir.1972). In *United States v. Williams,* 651 F.2d 644, 647 n. 2 (9th Cir.1981), we held that the district court also had no authority to specify that the sentence be served consecutively with a state sentence, stating that this decision was up to the Bureau of Prisons.

However, in enacting the Crime Control Act of 1984 (the "Act"), Congress made it clear that it intended the district courts to have authority to specify that a federal sentence either be served concurrently or consecutively with a prior state sentence. As a part of the Act, Congress enacted a new section, codified as 18 U.S.C. § 3584, which states:

§ 3584. **Multiple sentences of imprisonment**

(a) **Imposition of concurrent or consecutive terms.**—If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

(b) **Factors to be considered in imposing concurrent or consecutive terms.**—The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

(c) **Treatment of multiple sentence as an aggregate.**—Multiple terms of impris-

onment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

The accompanying legislative history makes it clear that Congress intends that federal district judges may impose either consecutive or concurrent sentences upon defendants already serving a state prison term. 1984 U.S.Code Cong. & Ad.News 3182, 3309–3312. The Senate Report states at page 3309:

A term of imprisonment imposed on a person already serving a prison term is deemed to be concurrent with the first sentence if the first sentence is for a Federal offense,[309] but is usually served after the first sentence if that sentence involves imprisonment for a State or local offense.[310]

Footnote 309 is not pertinent to this issue, but footnote 310 states:

[310] *See Larios v. Madigan,* 299 F.2d 98, 100 (9th Cir.1962); *United States v. Harrison,* 156 F.Supp. 756 (D.N.J.1957), which states the opinion that the rule set forth in note 309 does not apply where one sentence is imposed by a State court and one by a Federal one. *Id.* at 760. Some courts have held that the Federal courts do not have the authority to make a Federal sentence concurrent with a State sentence already being served since 18 U.S.C. § 3568 specifies that the Federal term commences when the defendant is received by Federal authorities. *See, e.g., United States v. Segal,* 549 F.2d 1293, 1301 (9th Cir.1977).

The Senate Report then states at page 3310:

Proposed 18 U.S.C. § 3584(a) also codifies the rule that, if the court is silent as to whether sentences to terms of imprisonment imposed at the same time are concurrent or consecutive, the terms run concurrently unless a statute requires that they be consecutive. If, on the other hand, multiple terms of imprisonment are imposed at different times without the judge specifying whether they are to run concurrently or consecutively, they will run consecutively unless the statute specifies otherwise. This carries forward current law where both sentences are for Federal offenses, but changes the law that now applies to a person sen-

tenced for a Federal offense who is already serving a term of imprisonment for a State offense.[314]

[314] Thus, it is intended that this provision be construed contrary to the holding in *United States v. Segal, supra* note 310.

The Act also replaced the prior 18 U.S.C. § 3568 interpreted in our *Segal, Myers,* and *Williams* cases with section 3585. The portion of the section pertinent here is § 3585(a), which states:

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facilities at which the sentence is to be served.

The Senate Report indicates that this section is not to bar concurrent federal and state sentences, which we had previously held to be the case in *Segal.* The Senate Report states at page 3312:

The Committee also does not intend that this provision be read to bar concurrent Federal and State sentences for a defendant who is serving a State sentence at the time he receives a Federal sentence.[318]

[318] *See* notes 310 and 314, *supra* (quoted above).

■ It is thus apparent that Congress has expressed an intent that a federal judge is to have the discretion to impose federal sentences that are either consecutive or concurrent to state sentences. However, the specific sections of the Act that implement that intent are in a portion of the Act that does not become effective until November 1, 1987. *See* Section 235 of Pub.L. 98–473, and historical note to 18 U.S.C. § 3551, as modified by Pub.L. 99–217 § 4. It therefore appears that the law of this circuit as expressed in *Segal, Myers,* and *Williams* remains the law until November 1, 1987. Thus, under the existing law of this circuit, the district court had no authority to order that the sentence be served

either consecutively or concurrently; it could only make a recommendation to the Bureau of Prisons. However, after November 1, 1987, a federal district judge will have the authority to impose federal sentences that are either consecutive or concurrent to state sentences.

The district judge's order in this case must be modified to constitute only a recommendation. We did note, however, in *Williams* that the practical effect of such a recommendation is that the court's recommendation will normally be carried out and for purposes of that case treated a recommendation as a determination of sentence. *Williams,* 651 F.2d at 647, n. 2. However, even if we treat the recommendation here as a determination of sentence because of this practical effect, the district judge proceeded properly.

■ A sentencing judge has wide discretion in determining the sentence to be served; however, that discretion must actually be exercised. *United States v. Barker, et al.,* 771 F.2d 1362, 1364 (9th Cir. 1985); *United States v. Lopez-Gonzales,* 688 F.2d 1275, 1276 (9th Cir.1982). Terrovona contends that the court failed to exercise its discretion, but instead indicated a blanket policy of imposing consecutive sentences whenever probation is violated by conviction of an additional crime.

■ The record below demonstrates that the court did exercise its discretion in the imposition of the sentence. The court considered Terrovona's personal history and requested comments from Terrovona and his attorney. Terrovona noted that he was appealing his state conviction, and his attorney stated that a federal detainer would affect Terrovona's placement in years to come. Nonetheless, in weighing the nature of the offense and the serious probation violation, the court found that the maximum sentence of one year for the misdemeanor was warranted and that it should be served consecutively. The court's comments, on which Terrovona bases his argument,[1] do not show a policy of

1. At the revocation hearing, the district judge stated that "I do not think that making it con-

current would be in order, I would make it consecutive, as Mr. Marshall points out, if it was

mechanical sentencing; those comments were a response to the prosecutor's concern that the court would impose a lighter sentence simply because of the lengthy state sentence already imposed. Such a determination reflects a proper exercise of discretion. *See United States v. Ismond,* 704 F.2d 1155, 1157 (9th Cir.1983). However, under the authority of *Segal, Myers,* and *Williams* as previously discussed, the present law of this circuit requires that the sentencing order be modified to a recommendation as to how the sentence should be served. We must remand to modify the order in this respect.

 Terrovona further contends that the sentence violates the eighth amendment. When sentences are reviewed under the eighth amendment, the court looks to the following objective criteria: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 3010, 77 L.Ed.2d 637 (1983).

Terrovona contends that the sentence imposed by the trial court violates the eighth amendment's proscription of cruel and unusual punishment because the sentence is disproportionate to the crime committed. He contends that his crime of misrepresenting his student status to the Social Security Administration was only a passive misdemeanor. However, the record shows that Terrovona was ordered to make restitution of the $9,761 he collected under false pretenses. One year's imprisonment is clearly not disproportionate in view of the long-term nature of Terrovona's acts and the large sum of money involved.

Terrovona stresses the effect that a consecutive sentence will have on the custodial arrangements and rehabilitation opportunities under his state sentence. The

a much lesser offense and certainly feel it's appropriate in this one, despite the fact that he

effect to be given to the federal probation revocation, and the effect the federal sentence will have in serving his state sentence, is a matter for determination by the state, not the federal courts.

REVERSED and REMANDED for modification of the sentencing order.

will be doing considerable time."