UNITED STATES of America,
Plaintiff-Respondent,

v.

Joseph POSEY, Defendant-Movant.

Nos. CV 87–662–AAH, CR
77–578(A)–AAH.

United States District Court,
C.D. California.

May 20, 1987.

Robert C. Bonner, U.S. Atty., Robert L. Brosio, Asst. U.S. Atty., Chief, Crim. Div., Miriam Aroni Krinsky, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-respondent.

Joseph Posey, Lompoc, Cal., for defendant-movant.

## DECISION AND ORDER DENYING MOTION TO CORRECT AN ILLEGAL SENTENCE PURSUANT TO RULE 35(A), FED.R.CRIM.P., AND MOTION FOR TEMPORARY RESTRAINING ORDER

HAUK, Senior District Judge.

### DECISION

#### Introduction

This matter is before the Court on the motions of *pro per* Defendant-Movant Joseph Posey ("Posey") to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a) and for a temporary restraining order. In order to give fuller meaning to the Court's Decision and Order herein on these respective motions, it will be necessary to set forth the underlying factual and procedural history surrounding Posey's dealings with this Court.

On January 14, 1980, Posey pleaded guilty to a single count Superseding Information in Case No. CR 77–578(A), charging him with violation of 18 U.S.C. Section 3150 for failure to appear at sentencing following his conviction for conspiracy to import and distribute narcotics, 21 U.S.C. §§ 846 and 963, in Case No. CR 77–578. Thereafter, on February 20, 1980, Posey received the following sentence in his "failure to appear" conviction in Case No. 77–578(A):

> [That he be] committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of two (2) years and fined in the sum of $1,500.00; and on the condition that [he] be confined in a jail type or treatment institution, as the Probation Officer may direct, for a period of six (6) months, the execution of the remainder of the sentence as to imprisonment only is suspended and [he] is placed on probation for a period of five (5) years, to com-

mence upon his release from confinement.

After serving the six month confinement term of his split sentence, Posey was released from Federal custody on April 29, 1980 and began his five year probationary term. However, just thirty days after his release, on May 28, 1980, Posey committed armed robbery of a jewelry store in Riverside, California. For this act, on February 24, 1981, Posey was convicted in Riverside County Superior Court of three counts of robbery and one count of assault with a deadly weapon.

The armed robbery conviction as well as Posey's possession of a .38 caliber revolver were admitted by Posey, and adjudged by this Court, to be violations of the terms of Posey's Probation Order of February 20, 1980. Therefore, on April 6, 1981, the Court in Case No. CR 77–578(A) made and entered a Modified Judgment And Commitment On Revocation Of Probation Order, under which Posey was "committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of one (1) year and one (1) day" and made "eligible for parole, under 18 U.S.C. 4205(b)(2), at such time as the U.S. Parole Commission may determine." It was further *ordered* that the Federal sentence was to run *consecutive* to the State Court sentence Posey was given for the robbery of the jewelry store.

On October 24, 1986, Posey was released from State custody into the custody of the United States Marshal, and delivered to the Federal penitentiary at Lompoc, California on October 30, 1986.

Believing that the Federal sentence imposed on April 6, 1981 was illegal both because the Court did not have authority to order that the Federal sentence run consecutive to a State sentence and the Federal sentence of imprisonment for one year and one day was ambiguous as to the time actually to be served, Posey filed on January 30, 1987, a motion to vacate, set aside or correct sentence by a person in Federal custody pursuant to 28 U.S.C. Section 2255.

Following the *Segal-Meyer-Williams* line of cases, *infra*, this Court by Order filed February 17, 1987, granted Posey's Section 2255 motion, in part, by changing the Modified Judgment And Commitment On Revocation Of Probation Order of April 6, 1981 from stating that "the sentence herein imposed shall be and run consecutively to the state court sentence" to "[it] is *recommended* to the Attorney General" that the sentence imposed be and run consecutively to the State Court sentence (emphasis added).

■ The Crime Control Act of 1984 ("the Act"), specifically 18 U.S.C. Section 3584, and its accompanying legislative history make it clear that Congress intended that Federal District Judges may impose either consecutive or concurrent sentences upon defendants already serving a State prison term. *See United States v. Terrovana*, 785 F.2d 767, 769 (9th Cir.1986). However, the specific sections of the Act that implement that congressional intent do not become effective until November 1, 1987. Therefore, until November 1, 1987, the law of the Ninth Circuit remains as explained in *United States v. Segal*, 549 F.2d 1293, 1301 (9th Cir.), *cert. denied*, 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977); *United States v. Myers*, 451 F.2d 402, 404 (9th Cir.1972); and *United States v. Williams*, 651 F.2d 644, 647 n. 2 (9th Cir.1981); namely, that a Federal District Judge is powerless to order that a Federal sentence run consecutive to a State sentence. However, a sentencing judge is free to *recommend* to the Attorney General that a Federal sentence run consecutive to a State sentence. *Williams*, 651 F.2d at 647 n. 2.

Still dissatisfied with the Court's disposition of his Section 2255 motion, on February 26, 1987, Posey filed the present Rule 35(a) motion claiming that the Court's February 17, 1987 Order recommending, rather than mandating, that Posey's Federal sentence run consecutive to this State sentence was illegal both because he was not present at the time that his sentence was modified and he had not been assigned counsel to represent him in the adjudication of his Section 2255 motion.

Posey also renews the claim raised in his Section 2255 motion that his sentence continues to be illegal because of the ambiguity as to the actual length of the sentence to be served. In essence, Posey questions whether the one year and one day sentence includes, or is in addition to, the six month imprisonment period he served prior to the five year probationary period, the terms of which Posey violated.

In tandem with his Rule 35(a) motion, Posey also seeks a temporary restraining order from the Court requiring that the Attorney General and Bureau of Prisons release Posey pending the resolution of his Rule 35(a) motion.

Having set forth the factual and procedural history of Posey's various motions and petitions to this Court to date, the arguments presented in his Rule 35(a) motion are now addressed individually.

### Discussion

1. *The Defendant-Movant Need Not Be Present When The Court Adjudicates His Motion Pursuant To 28 U.S.C. Section 2255*

■ Rule 43, Fed.R.Crim.P., requires that the defendant be present "at the imposition of sentence, except as otherwise provided by this rule." Among the exceptions to the "presence" requirement set forth within Rule 43 is subpart (c)(4) which provides that the defendant need not be present "[a]t a reduction of sentence under Rule 35." The text of Rule 43 does not, however, directly address the question of whether the defendant-movant need be present at the time the Court decides a Section 2255 motion.

Rule 4(b) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, provides, though, that "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its *summary* dismissal ..." (emphasis added). Moreover, Rule 8(a) of the Rules Governing Section 2255 Proceedings provides that "If it appears that an evidentiary hearing is not required,

the judge shall make such disposition of the motion as justice requires."

If the Court does find it necessary to conduct an evidentiary hearing to adequately rule on the Section 2255 motion, the Ninth Circuit has held that it is not necessary that the defendant-movant be present at the hearing. *Villarreal v. United States,* 508 F.2d 1132, 1133–34 (9th Cir. 1974); *accord Barnes v. United States,* 579 F.2d 364, 365 (5th Cir.1978); *United States v. Lynch,* 132 F.2d 111, 113 (3d Cir.1942). Therefore, *a fortiori,* if the defendant-movant need not be present at an evidentiary hearing conducted by the Court to rule on a Section 2255 motion, the defendant-movant is not required to be present at the time the Court rules on such a motion without deeming it necessary to conduct a hearing.

2. *The Correction of Sentence Was Not Illegal Because Defendant-Movant Was Not Represented By Counsel*

Posey argues that the Court's February 17, 1987 Order correcting his sentence was illegal because he had been denied the right to have counsel assigned to represent him. The sixth amendment to the Constitution provides that "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defen[s]e." Rule 44(a), Fed.R.Crim.P., restates the defendant's constitutional right of counsel in criminal proceedings as defined by judicial interpretations of the sixth amendment and provides that "Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent him at every stage of the proceedings from his initial appearance ... through appeal...."

█ However, the sixth amendment right does *not* apply in the context of habeas corpus petitions. *See Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir.1986); *Knaubert v. Goldsmith,* 791 F.2d 722, 728 (9th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 228, 93 L.Ed.2d 155 (1986); *Anderson v. Heinze,* 258 F.2d 479, 481 (9th Cir.), *cert. denied,* 358 U.S. 889, 79 S.Ct. 131, 3 L.Ed.2d 116 (1958) (habeas corpus petition is a civil, not criminal, proceeding and is,

therefore, not within the scope of the sixth amendment). Because Section 2255 is the functional equivalent of habeas corpus whereby a Federal prisoner can collaterally attack in a civil proceeding a Federal conviction or sentence, *United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Hill v. United States,* 368 U.S. 424, 427, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962), the sixth amendment right does not apply to Section 2255 motions either.

Although Rule 8(c) of the Rules Governing Section 2255 Proceedings does require the Court to appoint counsel for a movant if an evidentiary hearing is necessary, no similar right exists if, as in this case, the motion is decided without the necessity of an evidentiary hearing.

Because Posey did not request an evidentiary hearing, nor on the face of his Section 2255 motion and in light of prior proceedings was one required, these factors and the exercise of sound discretion by this Court mandated that no appointment of an attorney prior to the adjudication of Posey's motion was necessary. Posey adequately represented himself in these proceedings and the presentation of his arguments and the legal authorities cited by him in support of his motion enabled this Court to reach an informed judgment on all of the factual and legal issues raised.

3. *The Court's Modification Of Posey's Sentence Upon The Revocation Of His Probation Was Neither Ambiguous Nor Inappropriate*

█ A sentencing court is granted limited authority by 18 U.S.C. Section 3651 to impose a split sentence, that is, include both confinement time and probation in a single sentence upon conviction of a single crime. *Ochoa v. Lennon,* 750 F.2d 1345, 1347 (5th Cir.1985), *rehearing denied,* 758 F.2d 651 (1985). Section 3651 provides in pertinent part that:

[The court] may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant

placed on probation for such period and upon such terms and conditions as the court deems best.

Section 3653, 18 U.S.C., provides that if after serving the initial confinement portion of the sentence the defendant's probation is revoked for violations of the probationary terms, "[T]he court may ... require [the defendant] to serve the sentence imposed, or any lesser sentence...."

In the present case, Posey originally received a split sentence as permitted by Section 3651. Although the sentence given was for a period of imprisonment of two years, Posey was placed on probation and the execution of the remainder of the two year sentence was suspended on the condition that he be confined for six months. After revoking Posey's probation due to his robbery conviction in State Court and his unauthorized possession of a .38 caliber revolver, the Court, pursuant to Section 3653, had the option of either imposing the original two year sentence with credit for the six months already served (thus an actual sentence of one and one-half years), or any lesser sentence. The Court chose to impose a confinement period of one year and one day which, when combined with the six months previously served, was less than the original two years.

*Implicit* in such a sentence upon the revocation of probation was the Court's intention to credit the six months served as against the possible sentence of two years, but not to grant Posey credit for the six months as against the subsequent sentence of one year and one day.

In a strikingly similar case decided by the Ninth Circuit in *Granger v. United States*, 688 F.2d 1296 (9th Cir.1982), Granger received a five year sentence for bank robbery. The District Court ordered Granger to serve six months in custody and suspended the execution of the remaining four and one-half year period and placed Granger on probation to begin when he was released from custody.

After serving his six month sentence, Granger was released but thereafter violated one of the terms of his probation. The District Court revoked probation and sentenced Granger to three years imprisonment.

The Bureau of Prisons did not give Granger credit toward the three year sentence for the six months previously served, which would have reduced his sentence to two and one-half years.

In affirming the District Court's subsequent denial of Granger's Section 2255 motion, the Court of Appeals acknowledged that although the better practice when imposing sentence would be to take into account explicitly the amount of time previously served in custody, the failure to do so does *not* require a modification of sentence. In holding that the Bureau of Prisons had properly presumed, as the District Court intended, that Granger had been allowed credit for the six months served when he was sentenced to a more lenient three year term rather than the entire remaining sentence of up to four and one-half years, the Ninth Circuit said: "When a convicted defendant receives less than the maximum possible sentence, he is presumed to have been credited for any time served in custody unless the record shows credit was not given." *Id.* at 1297.

For the benefit of Posey and the Bureau of Prisons which is responsible for his confinement, the Court now makes *explicit* what it believes was its implicit intention in sentencing Posey to one year and one day following the revocation of his probation: Posey's six month period of confinement was considered and credited when the Court imposed a sentence of less than the possible two years. Therefore, Posey is not to be given additional credit toward the sentence of one year and one day for the six months previously served.

■ Although the Court believes that no ambiguity exists on the face of the one year and one day sentence as imposed, this Decision and Order herein should now serve to remove any question as to the sentence.

■ Because there are no grounds upon which the Court may grant Posey's Rule 35(a) motion, his additional motion for a temporary restraining order against the At-

torney General and the Bureau of Prisons is likewise without merit and should be denied without the necessity of additional discussion.

## ORDER

Based on the foregoing Decision, and the Court having read and considered the files and records in this and the underlying criminal action, the papers submitted in support of Defendant-Movant's motions, and the Government's opposition thereto, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. That Defendant-Movant's motion pursuant to Rule 35(a) is denied;

2. That Defendant-Movant's motion for temporary restraining order is denied;

3. That the Clerk of the Court shall file and enter the Decision and this Order and serve copies upon Defendant-Movant, appearing *pro per*, and the attorneys for the Government.