**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jude Somerset HARDESTY,
Defendant–Appellant.**

**No. 90–30260.**

United States Court of Appeals,
Ninth Circuit.

Submitted En Banc Aug. 21, 1992.*

Decided Oct. 22, 1992.

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, Or., for defendant-appellant.

Baron C. Sheldahl, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before: WALLACE, Chief Judge, TANG, PREGERSON, ALARCON, POOLE, CANBY, NORRIS, BEEZER, HALL, BRUNETTI, and FERNANDEZ, Circuit Judges.

PER CURIAM:

Hardesty appeals from the denial of his motion to reduce his sentence pursuant to 28 U.S.C. § 2255 and former Federal Rule of Criminal Procedure 35(a). He was convicted in federal district court for possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d), 5871 and sentenced to ten years' imprisonment. The district court ordered that Hardesty's sentence run consecutively to a state prison sentence that he was serving at the time of his federal conviction.

Hardesty filed a motion to correct the sentence. He argued before the district court that the consecutive sentence was illegal under this court's decision in *United States v. Terrovona*, 785 F.2d 767, 769 (9th Cir.1986) (*Terrovona*), and *United States v. Williams*, 651 F.2d 644, 647 n. 2 (9th Cir.1981) (*Williams*).

The government opposed the motion relying on this court's earlier decision in *United States v. Thornton*, 710 F.2d 513 (9th Cir.1983) (*Thornton*). The district court, after observing that the *Terrovona* opinion did not cite *Thornton*, denied the motion. The district court concluded that it was bound by *Thornton* on the ground that "when two panels reach different conclusions the earlier decision controls, unless the [circuit] court decides the question en banc, or a United States Supreme Court opinion reverses the earlier panel." *Unit-*

---

* The en banc court unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

*ed States v. Hardesty,* No. CR–83–0134–OMP (D.Or. filed June 27, 1990) (citing *United States v. Magana,* 797 F.2d 777, 779 (9th Cir.1986); *United States v. Maybusher,* 735 F.2d 366, 371 n. 1 (9th Cir. 1984)).

A majority of a three-judge panel of this court affirmed the denial of the motion to correct the sentence holding that it was free to apply *Thornton,* without calling for en banc review, notwithstanding that "*Thornton* and *Terrovona* are clearly in conflict." *United States v. Hardesty,* 958 F.2d 910, 912 (9th Cir.1992) (*Hardesty* ). In determining that it had the authority to proceed without an en banc call, the majority relied on *Greenhow v. Secretary of Health & Human Services,* 863 F.2d 633 (9th Cir.1988).

In his suggestion for rehearing en banc, Hardesty asserted that under the law of this circuit, the irreconcilable conflict between *Thornton* and *Terrovona* must be resolved by an en banc court. In *Atonio v. Wards Cove Packing Co.,* 810 F.2d 1477 (9th Cir.1987) (en banc), *cert. denied,* 485 U.S. 989, 108 S.Ct. 1293, 99 L.Ed.2d 503 (1988), we held that "the appropriate mechanism for resolving an irreconcilable conflict is an en banc decision." *Id.* at 1478–79. Unless an alternative method is provided by rule of this court, "[a] panel faced with such a conflict *must* call for en banc review, which the court will normally grant unless the prior decisions can be distinguished." *Id.* at 1479 (emphasis added). In *Greenhow,* a three-judge panel of this court held that where there are two opposing lines of authority, a panel may, without calling for en banc review, follow the rule which has "successfully posed as the law of the circuit for long enough to be relied upon." 863 F.2d at 636. *Greenhow* did not cite our *Atonio* en banc decision. We therefore overrule *Greenhow* to the extent that it conflicts with *Atonio.*

Hardesty argues that the consecutive sentence was illegal and requests that his sentence be reduced for time served or, in the alternative, that probation be substituted for the federal sentence. The district court had jurisdiction pursuant to 18 U.S.C.

§ 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

Hardesty argues that the district court improperly ordered his federal sentence to run consecutively to his previously imposed state sentence. Because Hardesty contends that his sentence is illegal as a matter of law, our review is de novo. *United States v. Wills,* 881 F.2d 823, 825 (9th Cir.1989).

Hardesty points out that in *Terrovona* we held that until November 1, 1987, a district court lacked the authority to order that a sentence be served either consecutively or concurrently. 785 F.2d at 770. Hardesty was sentenced in 1984. The government contends that consecutive sentences are lawful according to *Thornton.* In *Thornton,* we held that former 18 U.S.C. § 3568 did not limit the authority of judges to order that sentences be served consecutively. 710 F.2d at 516; *see also United States v. O'Brien,* 789 F.2d 1344, 1346 (9th Cir.1986) (*O'Brien* ) (following *Thornton* ).

We granted rehearing en banc to resolve the conflict between *Thornton* and *Terrovona.* Our prior cases and authority from other circuits counsel in favor of adopting the rule in *Thornton.* Consecutive sentencing was permitted by the law of this circuit as early as 1941. *See Gunton v. Squier,* 185 F.2d 470, 471 (9th Cir. 1950) (approving consecutive sentence); *Hayden v. Warden,* 124 F.2d 514, 514–15 (9th Cir.1941) (same). In *Gunton,* we stated that

[i]t is a well recognized rule of law that a person who has violated the criminal statutes of both the Federal and State Government may not complain of the order in which he is tried or punished for such offenses. Each is a sentence unto itself, otherwise there would be no orderly procedure in handling cases of this kind between two sovereigns.

185 F.2d at 471. Since our restatement of this rule in *Thornton,* no appellate court has approved the *Terrovona* analysis. *See, e.g., O'Brien,* 789 F.2d at 1346. In addi-

tion, eight of our sister circuits agree that federal district courts have the power to impose a sentence that commences after completion of an existing state sentence. *See Harding v. United States,* 851 F.2d 1305, 1306 (11th Cir.1988); *Pinaud v. James,* 851 F.2d 27, 30 (2d Cir.1988); *United States v. Campisi,* 622 F.2d 697, 699 (3d Cir.1980); *Causey v. Civiletti,* 621 F.2d 691, 694 (5th Cir.1980); *Cox v. United States ex rel. Arron,* 551 F.2d 1096, 1098 (7th Cir.1977); *United States v. Lee,* 500 F.2d 586, 587–88 (8th Cir.), *cert. denied,* 419 U.S. 1003, 95 S.Ct. 322, 42 L.Ed.2d 279 (1974); *Anderson v. United States,* 405 F.2d 492, 493 (10th Cir.), *cert. denied,* 394 U.S. 965, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969); *Jervis v. United States,* 382 F.2d 592, 593 (1st Cir.1967).

*Terrovona,* on the other hand, stands alone in failing to recognize the rule enunciated in *Thornton* as the law of the circuit. *Terrovona* relied on three cases addressing the question whether a district court could order concurrent sentences under former 18 U.S.C. § 3568. *See Terrovona,* 785 F.2d at 770; *Williams,* 651 F.2d 644; *United States v. Segal,* 549 F.2d 1293 (9th Cir.), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977); *United States v. Myers,* 451 F.2d 402 (9th Cir. 1972). Of these cases, only *Williams* discussed the question of the district court's power to impose consecutive sentences, and then only in *dicta. Williams,* 651 F.2d at 647 n. 2.

We conclude that the better rule is stated by *Thornton* and our sister circuits. In our en banc capacity, we reaffirm *Thornton* and overrule *Terrovona* to the extent that it is inconsistent with *Thornton.* The district court did not err in ordering Hardesty's sentence to run consecutively to his undischarged state sentence.

Hardesty also argues that the district court abused its discretion in refusing to order an updated presentence report. We do not review this issue en banc and leave the panel opinion's disposition of the question intact. *Hardesty,* 958 F.2d at 915–16.

AFFIRMED.

PREGERSON, Circuit Judge, dissenting:

I respectfully dissent because I believe that the position set forth in footnote 2 of my opinion in *United States v. Williams,* 651 F.2d 644, 647 n. 2 (9th Cir.1981), appropriately balances the interests of both the Attorney General and those of the district court. The Attorney General, through the Bureau of Prisons, has the discretion to designate the place of confinement. 18 U.S.C. § 4082; 28 C.F.R. § 0.96. Because this grant of authority precluded the District Court under 18 U.S.C. § 3568 from ordering that a federal sentence run concurrently with a state sentence, I believe it equally prevented the District Court from ordering a consecutive sentence. However, the District Court was free to recommend either situation.

Footnote 2 of *Williams* sets forth this position. The recommendation of the District Court was invariably followed by the Bureau of Prisons. I believe this approach best accommodated the interests of both the Bureau of Prisons and the District Court. In this way, the District Court accomplished what it wanted and the Attorney General retained the discretion afforded it under section 4082.

I am not persuaded by the majority's argument that we should adopt the rule in *United States v. Thornton,* 710 F.2d 513 (9th Cir.1983), just because other circuits have done so. Ante at 1347. The footnote in *Williams* has been on the books for over a decade. As far as we know, District Courts in this circuit adhered to it until the Crime Control Act of 1984 became effective. *See, e.g., United States v. Posey,* 665 F.Supp. 848, 850 (C.D.Cal.1987) (noting that order of consecutive sentence was modified to reflect a recommendation to the Attorney General).

The approach in *Williams* has the appeal of consistency and balance. If the District Court could not order a concurrent sentence, it should not have been able to order a consecutive one. Otherwise, we would be giving the District Court the power to

make a sentence harsher, but not lighter. Accordingly, I dissent.