988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane CREE, Defendant-Appellant.
 No. 92-50060.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-91-0318-SVW-01; Stephen V. Wilson, District Judge, Presiding.
 C.D. Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Duane Cree appeals from his sentence, imposed following a guilty plea, for bank robbery in violation of 18 U.S.C. § 2113(a). Cree contends that (1) the district court erred by ordering that his federal sentence run consecutively to a previously-imposed unrelated state sentence without first considering the factors set forth in 18 U.S.C. § 3553(a); (2) the district court erroneously interpreted the plea agreement to mandate a sentence consecutive to the state sentence; and (3) federal law enforcement officers violated his rights by waiting until state proceedings against him had been completed before bringing federal charges. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Cree committed the bank robbery underlying this conviction on August 3, 1990 (Count I of the federal indictment) and attempted to rob another bank on August 10, 1990 (Count II). He also committed two attempted robberies on August 2 and 14, 1990, for which he was prosecuted and convicted in state court before charges were brought in the instant case.
 
 A. Consecutive Sentence
 
 4
 We review de novo whether the district court properly ordered a federal sentence to run consecutively to a previously imposed state sentence. United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989).
 
 
 5
 The district court is expressly authorized to impose either a consecutive or a concurrent sentence on a defendant already serving an undischarged term of imprisonment. 18 U.S.C. § 3584(a); United States v. Hardesty, 977 F.2d 1347, 1348-49 (9th Cir.1992) (en banc) (per curiam), petition for cert. filed, --- U.S.L.W. ---- (U.S. Jan. 20, 1993) (No. 92-7383); Wills, 881 F.2d at 826. When determining whether to sentence consecutively or concurrently, the district court is directed to consider the factors set out in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3584(b); see also U.S.S.G. § 5G1.3(c) (directing that sentence imposed on defendant already serving a sentence for an unrelated offense "shall be imposed consecutively to the prior unexpired term of imprisonment to the extent necessary to achieve a reasonable incremental punishment"). After considering the factors in section 3553(a), the district court need only make a general statement of its reasons for imposing a particular sentence, and is not required to address each factor individually. See United States v. Cervantes-Valenzuela, 931 F.2d 27, 29, (9th Cir.1991) (district court's reliance on one factor does not imply that it neglected or ignored the other factors listed in section 3553(a)). The district court may make its findings by expressly adopting statements in the presentence report (PSR). United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990).
 
 
 6
 Here, the PSR recommended that Cree receive a sentence of 78 months imprisonment, which is the high end of the applicable guideline range, and that the sentence run consecutively to any other sentences Cree was already serving. The PSR offered the following justifications for the recommendation:
 
 
 7
 The defendant's prior criminal convictions consist of numerous petty theft and burglaries which, because of the elapsed time, cannot be counted within the guidelines. Clearly, as the years have passed, the types of crimes for which he has been convicted have increased in severity. The defendant is clearly a danger to the community.
 
 
 8
 ....
 
 
 9
 The defendant presents as a dangerous individual for whom rehabilitation is not viewed as probable. His pattern of misconduct is seemingly well entrenched; and he shows absolutely no inclination to change. A sentence at the upper end of the guideline range, specifically 78 months, to run consecutive to any other sentence the defendant is already serving, is suggested in order to remove the defendant from society for as long as possible.
 
 
 10
 (Emphasis added.) At sentencing, the district court expressly adopted the sentence recommended in the PSR, stating that the sentence would run consecutively to any other sentence and that "[t]he justification for this sentence is that the defendant's long criminal record, which has both crimes of lesser magnitude and some of very serious magnitude, justifies a sentence at the high end of the guidelines."
 
 
 11
 Cree does not argue that the reasons stated are not sufficient to address the considerations of section 3553(a); rather, he contends that because the district court did not expressly link the justification with the order that the sentence run consecutively to his state sentence, its findings were inadequate. We disagree. The district court expressly adopted the recommendations in the PSR, and that is all it is required to do. See Rigby, 896 F.2d at 394.
 
 B. Plea Agreement
 
 12
 We review for clear error the district court's construction of a plea agreement. United States v. Fernandez, 960 F.2d 771, 772 (9th Cir.1992) (per curiam); United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990).
 
 
 13
 Cree entered into a plea agreement with the government, pursuant to which he agreed to plead guilty to Count I of the federal indictment and the government agreed to dismiss Count II. The agreement provided in relevant part:
 
 
 14
 [The government] will ... recommend at the time of sentencing that the court recommend that your sentence run concurrent with the sentence that you are now serving in the state of California, provided that the United States Probation Office determines that you are a career offender, and further provided that such determination is based on your two convictions for robbery sustained in California State Court on March 11, 1991. If no such determination is made, this Office will not recommend a concurrent sentence and reserves the right to recommend a consecutive sentence.
 
 
 15
 (Emphasis added.) The Probation Office determined that Cree was not a career offender, and Cree contends that the district court relied on the PSR's erroneous understanding that the agreement called for a consecutive sentence under this circumstance.
 
 
 16
 The record does not indicate that the district court was under any such misunderstanding. The addendum to the PSR does state, erroneously, that the plea agreement calls for a consecutive sentence.[1] Nevertheless, although the PSR recommended that Cree's sentence for the federal offense run consecutively to any other sentence already being served, it did not rely on the plea agreement to support the recommendation. Rather, the PSR stated that a consecutive sentence at the upper end of the Guideline range was justified in light of Cree's extensive criminal history and poor rehabilitation prospects.
 
 
 17
 At sentencing, the district court noted that Cree had not been deemed a career offender and stated that "the matter is open" as to whether the sentence should be concurrent or consecutive. The district court then went on to adopt the PSR's recommendation that the sentence run consecutively to Cree's state sentence. The record clearly indicates that the district court understood the plea agreement's posture on this issue and adopted the PSR's sentencing recommendation on independent grounds.
 
 
 18
 As the district court did not clearly err when construing the plea agreement, we will not disturb the sentence. See Keller, 902 F.2d at 1393.
 
 C. Delay in Federal Charges
 
 19
 "[I]t is a well-recognized rule of law that a person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses. Each is a sentence unto itself, otherwise there would be no orderly procedure in handling cases of this kind between two sovereigns."
 
 
 20
 Hardesty, 977 F.2d at 1348 (quoting Gunton v. Squier, 185 F.2d 470, 471 (9th Cir.1950).
 
 
 21
 Cree cites no authority, and we have found none, for the proposition that a defendant who has offended against two separate sovereigns has a due process right to demand that proceedings against him be conducted simultaneously or in any particular order. Further, although Cree states that it is "apparent" that the FBI delayed filing charges against him in order to ensure that he serve a longer sentence, the record on appeal does not reflect any attempt to take "undue advantage" of Cree. Cree committed separate offenses against the state of California and the United States, and he is not entitled to be prosecuted or sentenced in the order most advantageous to him merely because the offenses occurred within a short time span. See Hardesty, 977 F.2d at 1349.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cree filed an objection to the PSR arguing that the federal sentence should run concurrent to his state sentence. In response, the probation officer wrote that "the plea agreement clearly sets forth the condition that if the defendant is not found to be a career offender, any sentence imposed at the federal level shall run consecutive to any sentence presently being served."