990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward PISCIOTTA, Defendant-Appellant.
 No. 92-50284.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 7, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Pisciotta appeals his 185-month sentence after his guilty pleas to bank robbery with a dangerous weapon and use of a firearm in a crime of violence in violation of 18 U.S.C. §§ 2113(a), (d), 924(c). Pisciotta contends that the district erred by: (1) including in his criminal history score a 1980 state burglary conviction which resulted from an invalid guilty plea; and (2) refusing to order that his federal sentence run concurrently with an undischarged state sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 1. Prior Conviction
 
 3
 Pisciotta contends that the district court erred by failing to hold an evidentiary hearing regarding the constitutionally of his 1980 conviction. We reject this contention.
 
 
 4
 We review de novo the district court's application and interpretation of the Guidelines. United States v. Hunter, No. 90-30252, slip op. 1889, 1896 (9th Cir. Mar. 3, 1993).
 
 
 5
 In computing a defendant's criminal history score, "[s]entences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted." U.S.S.G. § 4A1.2, comment. (n. 6). We have recently held that, despite the restrictive language of Note 6, a defendant may collaterally attack, at sentencing, a prior conviction which will be used to increase his punishment. United States v. Vea-Gonzales, No. 91-30469, slip op. 1329, 1342 (9th Cir. Feb. 22, 1993). The district court must conduct a hearing to establish the validity of such a conviction. Id. at 1344.
 
 
 6
 Here, sentencing occurred on April 27, 1992. The presentence report (PSR) contained a recommendation that Pisciotta receive three points in his criminal history score for a 1980 state burglary conviction which resulted from a guilty plea. Pisciotta argued that 1980 conviction should be excluded from his criminal history computation because the lack of records regarding his plea prevented the district court from determining if the plea was "constitutionally infirm." The district court, without the benefit of Vea-Gonzales, implicitly rejected this argument by adopting the PSR recommendation.
 
 
 7
 We decline to extend our holding in Vea-Gonzales to the facts of this case because Pisciotta has never alleged a specific constitutional infirmity regarding the prior conviction. See, id., No. 91-30469, slip op. at 1337 (challenge to prior conviction based upon ground of ineffective assistance of counsel); United States v. Carroll, 932 F.2d 823, 824 (9th Cir.1991) (waiver of constitutional rights not knowing and voluntary); United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990) (same); see also Feldman v. Perrill, 902 F.2d 1445, 1447-49 (9th Cir.1990) (allowing federal prisoner to challenge his sentence on grounds that his enhancing prior state conviction was unconstitutional because he was incompetent to enter a plea in the state proceeding). Accordingly, we hold no error.
 
 2. Consecutive Sentence
 
 8
 Pisciotta appears to contend that the district court erroneously awarded him credit for time served against his federal sentence based upon his arrival in federal custody. Thus, he argues that we should construe the district court's award of credit against his federal sentence as an order for concurrent sentencing with his undischarged state sentence. Alternatively, Pisciotta argues that we should vacate and remand for the district court to clarify its statements.
 
 
 9
 We review de novo the legality of a sentence. United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir.1992) (en banc) (per curiam), cert. denied, 61 U.S.L.W. 3620 (U.S. Mar. 8, 1993) (No. 92-7383).
 
 
 10
 "[U]nder 18 U.S.C. § 3585(b), the district court lacks the authority to award a defendant credit for time spent in official detention prior to sentencing. Rather, the Attorney General, through the Bureau of Prisons, is responsible for administering the sentence and determining the amount of the defendant's jail-term credit." Hunter, No. 90-30252, slip op. at 1899 (citation omitted). Additionally, a district court has the authority to order a federal sentence to run consecutively to a state sentence. See Hardesty, 977 F.2d at 1349.
 
 
 11
 Here, on March 5, 1991, Pisciotta received a sixteen-month sentence in state court for a petty theft conviction. On August 6, 1991, Pisciotta was transferred from state to federal custody to resolve the federal charges. On December 18, 1991, he entered guilty pleas to the federal offenses.
 
 
 12
 At sentencing, on April 27, 1992, defense counsel requested that Pisciotta's federal sentence run retroactively to the date on which the state sentence was imposed, March 5, 1991. The following pertinent colloquy took place:
 
 
 13
 THE COURT: He wasn't arrested until--he wasn't in our federal custody until August 6, 1991.
 
 
 14
 MR. MCLANE [defense counsel]: That's correct, your Honor. I believe that Mr. Pisciotta had to request a writ, or request that he be brought over to federal custody at that date.
 
 
 15
 THE COURT: That's the only way to get the time running for the federal time.
 
 
 16
 ....
 
 
 17
 THE COURT: As to the commencement of time, your record will stand by itself. You did come into the federal custody on August 6, 1991. By law, your record will reflect that date and your time commences at that time (RT 4/27/92 at 9-18).
 
 
 18
 The government argues that the district court properly exercised its discretion by refusing to impose a concurrent sentence and never intended to award retroactive concurrent credit. We agree.
 
 
 19
 Based upon our independent review of the record, we conclude that Pisciotta's arguments are meritless. The district court simply stated that, as a matter of law, credit against the federal sentence for time served did not begin to run until Pisciotta was in federal custody. See, e.g., Del Guzzi v. United States, 980 F.2d 1269, 1271 (9th Cir.1992); Raines v. United States Parole Com'n, 829 F.2d 840, 843 (9th Cir.1987). The court's statements are not ambiguous and there is no indication in the record that the district court intended to order concurrent sentencing. We have examined Pisciotta's remaining arguments and conclude that they lack merit.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3