21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Lee ALEXANDER, Petitioner-Appellant,
v.
Larry F. TAYLOR, Warden, Respondent-Appellee.
 No. C.A. 93-55236.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 26, 1993.*
Decided April 8, 1994.
 
 Before: CHOY, GOODWIN, AND SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Lee Alexander appeals the district court's dismissal of his habeas petition for failure to exhaust his administrative remedies. Alexander's petition alleges that the Bureau of Prisons must credit his time spent in state prison against his federal sentence. Where the Bureau has jurisdiction to provide such credit, a petitioner must exhaust his administrative remedies pursuant to the Bureau of Prisons procedures found at 28 C.F.R. Secs. 542.10-.16 prior to filing a habeas petition. Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984), cert. denied, 470 U.S. 1031 (1985). Alexander has not done so.
 
 
 3
 Alexander argues that the Bureau of Prisons has no authority over his claim that he was tried and sentenced in violation of the Speedy Trial Act and Federal Rule of Criminal Procedure 5(a), and that it would therefore be futile to pursue his administrative remedies. See Green v. Christiansen, 732 F.2d 1397, 1400-01 (9th Cir.1984). Because the district court has changed its order to a recommendation that Alexander's sentences be served consecutively, however, the Bureau has the authority to give Alexander the relief that he seeks. See United States v. Terrenova, 785 F.2d 767, 770 (9th Cir.), cert. denied, 476 U.S. 1186 (1986), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347, 1349 (9th Cir.1992) (en banc), cert. denied 113 S.Ct. 1429 (1993).
 
 
 4
 We note that while this appeal was pending, Alexander was released to a Community Corrections Center, and may no longer be subject to the jurisdiction of the Bureau of Prisons. Regardless of the agency with authority over him, however, Alexander must exhaust the administrative remedies available to him prior to refiling this petition.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3