28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul SANTOLLO-LOPEZ, Defendant-Appellant.
 No. 93-50538.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 20, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raul Santollo-Lopez appeals his conviction and 72-month sentence following entry of a guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a).
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Santollo-Lopez's counsel submitted a motion to withdraw as counsel of record and a brief identifying three possible issues for our review: (1) whether the district court erred by refusing to depart downward from the applicable Guidelines range based upon Santollo-Lopez's extraordinary family responsibilities, tragic background, and economic hardship; (2) whether the district court erred by ordering his federal sentence to run consecutively to an undischarged state sentence; and (3) whether the district court imposed a sentence disproportionate to the offense in violation of the Eighth Amendment. We affirm.
 
 
 4
 Where, as here, the district court exercises its discretion by considering the defendant's arguments in support of a downward departure and refuses to do so, the decision is not reviewable. See United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). Furthermore, Guidelines section 5G1.3 allows the district court to run a sentence consecutively to an undischarged state sentence. See U.S.S.G. Sec. 5G1.3(c); see also United States v. Hardesty, 977 F.2d 1347, 1349 (9th Cir.1992) (en banc) (district court properly ordered defendant's sentence to run consecutively to his undischarged state sentence), cert. denied, 113 S.Ct. 1429 (1993). Finally, because the court sentenced Santollo-Lopez far below the statutory maximum for the offense and considered his individual circumstances, the sentence was not unconstitutionally disproportionate. See United States v. Lai, 944 F.2d 1434, 1440-41 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992).
 
 
 5
 Accordingly, counsel's motion to withdraw as counsel of record is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3