**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Juan LOPEZ–GONZALES,
Defendant-Appellant.**

**No. 81–1675.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 28, 1982.[1]

Decided Sept. 28, 1982.

1. The panel unanimously agrees that this case is appropriate for submission without argument.

Judy Clarke, San Diego, Cal., on brief, for defendant-appellant.

Douglas R. Schwartz, Asst. U.S. Atty., on the brief; William H. Kennedy, U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before FLETCHER, FERGUSON, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Appellant, Juan Lopez-Gonzales, appeals from the sentence imposed after his conviction for felony illegal entry in violation of 8 U.S.C. § 1325 (1976). The issue on appeal is whether the trial court failed to exercise its discretion by mechanically imposing the maximum sentence.

On August 11, 1981, a border patrol agent observed an early model, heavily laden station wagon leaving Interstate 5 near Oceanside, California. Lopez-Gonzales, the driver, was the only visible person in the vehicle. When the agent pulled out behind the station wagon in a clearly marked border patrol vehicle, the station wagon accelerated rapidly and ran a traffic light. The agent turned on his red light and siren and followed the station wagon as it sped through a residential area at 45 m.p.h., and ran another traffic light and four stop signs. Lopez-Gonzales made a left turn, appeared to lose control of the station wagon, jumped out of the moving vehicle, and left it to roll to a stop at the curb. Lopez-Gonzales and several other illegal aliens, who had been concealed in the vehicle, were apprehended.

At the sentencing hearing which followed Lopez-Gonzales's bench trial and conviction, the trial court permitted Lopez-Gonzales to speak personally to the court and present any mitigating circumstances before sentence was pronounced. Lopez-Gonzales argued that his prior record was insignificant and that the circumstances of his case were different from those associated with the ordinary flight and pursuit scenario involving high speed dangerous chases. He expressed remorse for fleeing from the border patrol agent and stated that he had panicked and that no one was injured by his flight. He said that all he wanted to do was return to Mexico and live quietly with his family.

The record does not suggest that the district judge gave any consideration to the factors presented by Lopez-Gonzales or to any other individual circumstances relating to him. Instead, the court imposed the two-year maximum sentence, stating:

> Well, I don't know how successful we're going to be in stopping these runnings, and I made my position very clear that in these cases where the defendant attempts to run and endangers the lives of not only those he's transporting but also the people of this country, the maximum sentence will be imposed, and that is the judgment and sentence of the court, that the defendant is hereby sentenced to the custody of the Attorney General or his authorized representative for a period of two years. That's all.

A sentencing judge has wide discretion in determining what sentence to impose. If the sentence is within statutory limits, it is generally not subject to review on appeal. *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Wylie,* 625 F.2d 1371, 1379 (9th Cir. 1980), *cert. denied,* 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981). However, the court's discretion must be actually exercised. Limited review is available when discretion is not exercised. *Dorszynski v. United States,* 418 U.S. 424, 443, 94 S.Ct. 3042, 3052, 41 L.Ed.2d 855 (1974).

The exercise of sound discretion requires consideration of all the circum-

stances of the crime; we no longer believe that every offense in a like legal category calls for an identical punishment. *Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949). Punishment should fit the offender and not merely the crime. *Id.* The sentencing judge is required to consider all mitigating and aggravating circumstances involved. *Williams v. Oklahoma,* 358 U.S. 576, 585, 79 S.Ct. 421, 426, 3 L.Ed.2d 516 (1959); *United States v. Vega-Mejia,* 611 F.2d 751, 753 (9th Cir. 1979) (per curiam). There is a strong public interest in the imposition of a sentence based upon an accurate evaluation of the particular offender and designed to aid in his personal rehabilitation. *Verdugo v. United States,* 402 F.2d 599, 611 (9th Cir. 1968). Thus, appellate courts have vacated sentences reflecting a preconceived policy always to impose the maximum penalty for a certain crime. *See, e.g., United States v. Clements,* 634 F.2d 183, 187 (5th Cir. 1981) (no indication that judge considered any mitigating or aggravating circumstances before imposing maximum, sentence for drug offense; mechanical attitude towards sentencing was *prima facie* established by sentencing court's prior record in similar cases); *United States v. Hartford,* 489 F.2d 652, 655–56 (5th Cir. 1974) (trial court's comments reflected a rigid policy of imposing maximum sentence on narcotics distributors); *Woosley v. United States,* 478 F.2d 139, 140, 143–45 (8th Cir. 1973) (en banc) (trial court stated that it had sentencing policy in cases of refusing induction into military, and study showed that policy was to always impose maximum sentence); *United States v. Daniels,* 446 F.2d 967, 971–72 (6th Cir. 1971) (judge stated that he always imposed maximum sentence on those refusing to obey orders of draft board); *United States v. McCoy,* 429 F.2d 739, 742–43 (D.C. Cir. 1970) (district judge announced he would sentence to life imprisonment anyone convicted by a jury of armed robbery).

■ The government argues first that the sentence was lawful because Lopez-Gonzales had the opportunity to present any mitigating circumstances at the sentencing hearing. The problem, however, is not that Lopez-Gonzales was denied the opportunity to present evidence of mitigating circumstances, but that, under the court's mechanical sentencing policy, the court failed to *consider* the individual factors and circumstances.

The government makes the following additional argument:

> The court could have stated on the record that it had taken into consideration the mitigating factors that the defendant had ennunicated [sic], but it felt the following sentence was appropriate anyway. The Government feels that compelling the trial court to follow such a hollow ritual is not appropriate....

The government's argument demonstrates a disregard for both the letter and the spirit of the law. The purpose of the rule requiring the exercise of sound discretion is not to invite the district court to engage in a "hollow ritual." Nor is it to invite the district court to misstate the truth.[2] The duty to weigh mitigating and aggravating circumstances imposes a judicial obligation upon the district courts. Contrary to the government's view, we are certain that, properly advised of their obligation, district judges will faithfully execute their duties and will weigh all of the individual circumstances, rather than engaging in a "hollow ritual" and then imposing mechanical sentences.

Because the district judge stated that he automatically imposes the maximum sentence whenever an illegal alien is apprehended after flight and pursuit, we remand for resentencing in light of Lopez-Gonzales's individual circumstances.

*Sentence vacated; remanded for further proceedings consistent with this opinion.*

---

**2.** Earlier in its brief the government argued that the district court's statement regarding its mechanical sentencing policy may not have been true, but may have been designed solely to "impress" the defendant. Since the actual imposition of the maximum sentence is what would impress the defendant, if anything would, the logic underlying the government's suggestion escapes us.