**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Melvin Garth ISMOND,
Defendant-Appellant.**

No. 82–1579.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1983.

Decided April 28, 1983.

William Glueck, Asst. U.S. Atty., Seattle, Wash., for plaintiff, appellee.

Michael Martin, Asst. Federal Public Defender, Seattle, Wash., for defendant, appellant.

Before GOODWIN, ALARCON and FERGUSON, Circuit Judges.

GOODWIN, Circuit Judge:

Melvin Ismond appeals the district court's order denying his motion for modification of sentence filed pursuant to Fed.R.Crim.P. 35. The only issue on appeal is whether the district court failed to exercise its discretion by mechanically imposing a two-year sentence for violating 8 U.S.C. § 1326. (Unlawful entry after having been deported.)

Ismond resided in Vancouver, British Columbia. He had a drinking problem and a history of arrests and convictions related to his drinking problem. On July 21, 1982, Ismond stopped at a local tavern in Canada.

One beer led to another, and soon he was drunk. He hailed a taxi and went to Sumas, Washington, the main street of which is adjacent to the United States-Canadian border.

Ismond continued drinking at taverns in Sumas until he was refused service. While waiting for a taxi to take him home, Ismond came to the attention of the Sumas police. The police officers reported to their dispatcher that they intended to put Ismond in a taxi and to instruct the driver to return him to British Columbia. A border patrol agent listening to the police radio recognized Ismond's name and remembered him as having been deported in 1973. The agent placed an immigration hold on Ismond.

To dispose of the case, without trial, the parties entered into a plea agreement. Ismond pled guilty to one count of illegally reentering the United States after deportation. In return, the government recommended that Ismond be deported on unsupervised probation provided he not return to the United States without official approval for five years.

At sentencing, the district judge stated:

"The Court is not in agreement with the recommended disposition of the government in this case. I'm very troubled by the fact that this is another in a pattern of entries into the United States. Frequently in the past there have been crimes committed when the defendant came into the United States, and he is going to have to get the message that he simply cannot come into this country and commit crimes and expect to be just sent back to Canada.[1]

"It is not going to work that way, and to the extent I have anything to say about it, every time he is caught in the Western District of Washington and comes before me, he's going to do two years' time."

---

1. The parties did not include Ismond's pre-sentence report in the record, but Ismond's attorneys state in his motion for reconsideration of the sentence:

"The defendant was last deported from the United States in 1973. Since then he has remained in Canada. Admittedly, a good portion of that time was spent in custody in Canada. Since his last release in Canada in January, 1980, the defendant has been living on welfare in the Vancouver, British Columbia area. There are no indications that the defendant has been involved in any illegal activity during the past two years."

In *United States v. Lopez-Gonzales,* 688 F.2d 1275, 1276 (9th Cir.1982), we held that a district court has the duty to exercise its discretion when imposing a sentence. When it is clear that the judge did not exercise discretion, but has applied an arbitrary formula, we have held that kind of a sentence to be inconsistent with the judge's duty as explained in *Dorszinski v. United States,* 418 U.S. 424, 443, 94 S.Ct. 3042, 3052, 41 L.Ed.2d 855 (1974).

In *Lopez-Gonzales* the district court sentenced the defendant to the two-year maximum for illegally transporting aliens after announcing that the court intended to impose the maximum sentence in every similar case. We held that:

"Because the district judge stated that he automatically imposes the maximum sentence whenever an illegal alien is apprehended after flight and pursuit, we remand for sentencing in light of Lopez-Gonzales' individual circumstances." *United States v. Lopez-Gonzales,* 688 F.2d at 1277.

*Lopez-Gonzales* requires consideration of the individual defendant's circumstances. In the case at bar the court considered Ismond's individual circumstances. *Lopez-Gonzales* forbids the district court from mechanically imposing two-year sentences on all illegally reentering deportees, not from imposing two-year sentences every time a particular deportee illegally reenters the country. The argument about mechanistic sentencing is largely a matter of epithets, shedding little light on what happens in individual cases.

The peculiar circumstances of this case are many. Ismond is one of life's unfortunates, frequently living on welfare or incarcerated either in Canada or in the United States. He lives near the border yet has not been caught within the United States for nine years. But for an intercepted radio call, his offense, which began innocently enough, would have ended with a taxi ride back to Canada. Instead, Ismond has become a burden upon the American taxpayer for two years. He is currently in the Medical Center for Federal Prisoners at Spring-field, Missouri. One may question whether his incarceration serves either the goals of general deterrence or specific deterrence. We do not commend this sentence as a model of prudent sentencing. But Congress has not given this court the general authority to overrule the sentencing decision of the trial court when the record reveals that the court actually exercised its discretion, even though the court may have exercised its discretion in a manner that does not commend itself to a panel of appellate judges. *Dorszynski v. United States,* 418 U.S. at 440, 441, 94 S.Ct. at 3051.

Affirmed.