992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Piyaporn WONGPHAISANKIAT, Defendant-Appellant.
 No. 92-56317.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 5, 1993.
 
 Before BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Piyaporn Wongphaisankiat, a federal prisoner, appeals pro se the district court's denial of her 28 U.S.C. § 2255 motion to vacate, set aside or correct her sentence. Wongphaisankiat was convicted by a jury of conspiracy and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a). Petitioner contends that (1) the prosecutor knowingly used perjured testimony at trial; (2) the judge and the prosecutor committed acts of misconduct by eliciting or condoning the alleged perjured testimony; (3) her attorneys were ineffective for failing to expose the alleged perjured testimony at trial and on appeal; (4) the district court judge was biased and should have been recused; and (5) the district court erred by enhancing her sentence for perjuring herself on the stand. We review the district court's denial of a section 2255 motion de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and the district court's factual findings for clear error, United States v. Arellanes, 767 F.2d 1353, 1357 (9th Cir.1985). We have jurisdiction under 28 U.S.C. § 2255. We affirm.
 
 
 3
 In order for the district court to vacate a sentence on the basis of alleged perjury at trial, petitioner must show that the testimony was perjured and the prosecuting officials knew at the time the testimony was used that it was perjured. United States v. Reynoso-Ulloa, 548 F.2d 1329, 1340 (9th Cir.1977), cert. denied, 436 U.S. 926, (1978); Marcella v. United States, 344 F.2d 876, 880 (9th Cir.1965), cert. denied, 382 U.S. 1016 (1966).
 
 
 4
 Here, petitioner has not shown that the government agents committed perjury. As the district court stated, "[w]hile there may have been some minor inconsistencies between the direct examination and the cross examination, there [is] no proof that the agents committed perjury.... The government agents did not knowingly misstate the facts on the witness stand." Accordingly, the district court found that petitioner did not prove any acts of perjury. Because the district court did not clearly err in this finding, we affirm the denial of petitioner's section 2255 motion on this claim. See Arellanes, 767 F.2d at 1357; Reynoso-Ulloa, 548 F.2d at 1340.
 
 
 5
 Further, as the district court found, because petitioner's second and third claims are premised on the alleged perjured testimony, these claims are also without merit.
 
 
 6
 Petitioner's fourth contention, that the district court abused its discretion by denying her motion to disqualify the trial court judge, is also meritless. Specifically, petitioner claims that the trial court judge elicited the allegedly perjured testimony, and demonstrated bias against her at the time of sentencing.
 
 
 7
 As we previously stated, petitioner's allegation regarding the use of perjured testimony at trial is without merit. Further, as the district court observed, petitioner raised her contentions of judicial bias in her direct appeal to this court and those contentions were rejected. See United States v. Wongphaisankiat, No. 88-5359, unpublished memorandum disposition (9th Cir. Nov. 16, 1990). Thus, we will not re-determine the merits of this claim. See Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976) (where a federal prisoner raises a claim in a collateral attack that was previously raised and decided on direct appeal, the federal court has the discretion to deny the claim without redetermining the merits of the claim). Therefore, the district court did not abuse its discretion by denying petitioner's motion to disqualify the trial court judge. See United States v. Branco, 798 F.2d 1302, 1304 (9th Cir.1986).
 
 
 8
 Petitioner did not raise her fifth claim in her section 2255 motion. Therefore, we will not consider it for the first time on appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990) (issues not raised before the district court in a section 2255 motion may not be raised for the first time on appeal). Accordingly, the district court did not err by denying petitioner's section 2255 motion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, petitioner's request for oral argument is denied. Petitioner's request for appointed counsel at oral argument is thus moot
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3