17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Elijah FLOWERS, Defendant-Appellant.
 No. 91-16647.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Elijah Flowers appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion seeking to vacate his conviction and correct his sentence. Flowers pleaded guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2255. We review de novo the district court's denial of Flowers' section 2255 motion. See United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We affirm.
 
 
 3
 In his section 2255 motion Flowers alleged that: (1) his plea was not knowing and voluntary; (2) his sentence violated his plea agreement; (3) he received ineffective assistance of counsel; and (4) his conviction was obtained by use of evidence obtained pursuant to an illegal search warrant. In a supplemental pleading, Flowers alleged that the decision to prosecute him in federal court, rather than state court, was a racially motivated decision.
 
 
 4
 * Knowing and Voluntary Plea
 
 
 5
 Flowers contends that his guilty plea "was not made with the understanding of the charge and consequence of the plea." This contention lacks merit.
 
 
 6
 Before accepting a guilty plea, the district court must demonstrate in the record at the time the plea is accepted that the defendant knows and understands the nature of the charge to which he intends to plead guilty. Fed.R.Crim.P. 11(c)(1); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir.), cert. denied, 479 U.S. 819 (1986).
 
 
 7
 Here, the district court advised Flowers of the nature of the charges against him and the maximum possible penalty. The district court discussed with Flowers the rights he was giving up by pleading guilty. The district court also questioned Flowers to establish that the guilty plea was being made freely and voluntarily. We conclude that such a colloquy between the district court and Flowers sufficiently demonstrated that Flowers understood the nature of the charges to which he pleaded and the consequences of his plea. See Kamer, 781 F.2d at 1383.
 
 II
 Sentence
 
 8
 Flowers contends that his sentence violated his plea agreement. This contention lacks merit.
 
 
 9
 A sentencing judge has the discretion to sentence a convicted defendant within the range established by the sentencing guidelines regardless of any "plea agreement." United States v. Branco, 798 F.2d 1302, 1305 (9th Cir.1986).
 
 
 10
 Here, Flowers does not contend that his sentence exceeds the sentencing guidelines. Rather Flowers contends that his sentence exceeds the plea agreement. Because Flowers' sentence was within the range established by the sentencing guidelines, we conclude that the sentencing judge did not abuse his discretion in sentencing Flowers. See id. Moreover, Flowers' plea agreement stated that "[t]he defendant further understands that the ultimate sentence imposed in this matter is within the sole discretion and power of the Court, regardless of any plea agreement."
 
 III
 Ineffective Assistance of Counsel
 
 11
 Flowers contends that his sole choice was to plead guilty or face sure conviction because his attorney could not properly assert his defense. Flowers argues that his counsel failed to (1) investigate possible defenses, (2) file pretrial motions, (3) review the presentence report, and (4) inform him that he would be ineligible for parole or that the federal sentencing guidelines would apply. This contention lacks merit.
 
 
 12
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). This standard also applies to contentions that a prisoner's guilty plea was based on the ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). The defendant must identify the particular acts that are alleged not to have been the result of reasonable professional judgment. See Strickland, 466 U.S. at 690. We must then determine whether, in light of all the circumstances, the identified acts fall outside the wide range of competence allowed attorneys in criminal cases. See id.; Iaea, 800 F.2d at 864. To satisfy the prejudice requirement, the defendant must show a reasonable probability that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59.
 
 
 13
 We find it unnecessary to decide whether the challenged conduct of counsel was unreasonable, because we conclude that Flowers' allegations are insufficient to satisfy the prejudice requirement. See id. at 60. Flowers did not allege any additional facts or exculpatory evidence which, if discovered, would have caused him to go to trial rather than plead guilty. Nor did Flowers allege that he was prejudiced by counsel's conduct during the sentencing phase. In fact, the record indicates that the judge informed Flowers of the probable sentence and the fact that he would be ineligible for parole. After being informed of these facts, Flowers declined to withdraw his guilty plea. Accordingly, Flowers has not shown that he received ineffective assistance of counsel. See id. at 58; Strickland, 466 U.S. at 687.
 
 IV
 Illegal Search Warrant
 
 14
 Flowers contends that his conviction was obtained by use of evidence obtained pursuant to an illegal search warrant. This contention lacks merit.
 
 
 15
 "When a criminal defendant has solemnly admitted in open court the he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992).
 
 
 16
 Therefore, by pleading guilty Flowers waived his right to challenge the validity of the search warrant. See Tollett, 411 U.S. at 267; Cortez, 973 F.2d at 766.
 
 V
 Racially Motivated Prosecution
 
 17
 Flowers contends that the decision to prosecute him in federal court, rather than state court, was a racially motivated decision. This contention lacks merit.
 
 
 18
 A selective enforcement claim will succeed under the Equal Protection clause if "the passive enforcement system has a discriminatory effect and ... it was motivated by a discriminatory purpose." Wayte v. United States, 470 U.S. 598, 608 (1985) (footnote omitted) (citations omitted). Thus, "[t]o succeed on a selective prosecution claim, the defendant bears the burden of showing both 'that others similarly situated have not been prosecuted and [also] that the prosecution is based on an impermissible motive.' " United States v. Bourgeois, 964 F.2d 935, 938 (9th Cir.1992) (citation omitted).
 
 
 19
 Flowers concedes that he does not know the actual reason why he was selected for federal prosecution and his codefendants were prosecuted in state court. Moreover, Flowers provided no statistical evidence that might support his allegation that he was selected for federal prosecution because of his race. On this record, we conclude that Flowers has not demonstrated that his prosecution in federal court was based on an impermissible motive. See id.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3