28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Agha KHAN, Defendant-Appellant.
 No. 91-10444.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1994.
Decided June 13, 1994.
 
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Agha Khan appeals the sentence imposed upon him following his guilty pleas to one count of unlawful redemption of food stamps in violation of 7 U.S.C. Sec. 2024(c), one count of arson in violation of 18 U.S.C. Secs. 2 and 844(i), and one count of bank fraud while released on bail in violation of 18 U.S.C. Secs. 1344 and 3147. Khan was sentenced to four years on the food stamp count, eight years on the arson count and four years eight months on the bank fraud count. The sentences are to be served consecutively. We affirm.
 
 BACKGROUND
 
 3
 Khan was indicted in 1988 on charges of arson and unlawful redemption of food stamps. He was released on bail. Jury trial was set for February 21, 1989, but Khan did not appear for trial. More than a year later, Khan was apprehended in Australia. A grand jury issued a superseding indictment in which it added a charge that Khan had committed bank fraud while released on bail.
 
 
 4
 Khan entered into a plea agreement with the government pursuant to which he pled guilty to these charges. In exchange, the government dismissed other charges against Khan and agreed not to seek indictment for other alleged conduct. The government represented that it would not seek a sentence of incarceration in excess of twenty years. The plea agreement also contained a paragraph stating: "The government expresses no opinion as to the defendant's guideline score with regard to [the bank fraud count], the only count to which the sentencing guidelines apply."
 
 
 5
 A presentence report was prepared in which the probation officer recommended the sentence that the district court eventually imposed. Khan appeals this sentence. He argues that the government breached the plea agreement by arguing in support of the presentence report's recommendation of departure from the guideline range for the bank fraud count, that the district court improperly departed from the guidelines on the bank fraud count, that the district court erred by failing to award an acceptance of responsibility reduction, that the court made a mathematical error in calculating the bank fraud sentence, and that the court improperly sentenced him on the non-guidelines offense of unlawful redemption of food stamps. He also asserts that his sentence must be vacated because he received ineffective assistance of counsel at sentencing.
 
 I.
 
 6
 Khan contends that his sentence must be vacated because the government breached the plea agreement. He claims that the plea agreement paragraph stating that the government "expresses no opinion" as to the proper guideline score on the bank fraud count was a representation that the government would not express an opinion on the application of the guidelines to the judge at sentencing. We conclude that we may not consider this issue because Khan did not raise it in the district court.
 
 
 7
 We review issues forfeited (not raised) in district court only for plain error. Fed.R.Crim.P. 52(b); United States v. Olano, 113 S.Ct. 1770, 1776-77 (1993). We cannot review the issue unless an "error" was made and the error was "plain" and affected substantial rights. See id. An error is "plain" if it is clear or obvious. We conclude that this issue is unreviewable because even if an error was made, it was by no means "plain."
 
 
 8
 The paragraph in which the government asserts that it "expresses no opinion" on the guideline score for the bank fraud count is ambiguous at best. The language is in the present tense and does not clearly manifest a representation as to future acts. Moreover, the paragraph that states that the government will not recommend a total sentence of incarceration in excess of twenty years speaks more directly to the government's intent. Finally, Khan's failure to object to the prosecutor's eventual expression of opinion regarding the guideline score for the bank fraud count indicates that Khan's contemporary interpretation of the agreement was that the government was unprepared at that time to express an opinion as to the bank fraud count, but in no event would recommend a total sentence in excess of twenty years.
 
 
 9
 Not only did all of the cases upon which Khan relies involve breaches of far less ambiguous plea agreements, in none of them had the defendant forfeited the error below. Accordingly, we conclude that the error in this case, if any, is unreviewable because, even if error occurred, it was not "plain."
 
 II.
 
 10
 Khan next challenges the district court's upward departure from the guidelines on the bank fraud count. To evaluate this claim, we review de novo whether the district court correctly relied upon aggravating factors not adequately taken into account by the guidelines. United States v. Starr, 971 F.2d 357, 360 (9th Cir.1992). We review factual determinations supporting the existence of the aggravating factors for clear error. Id. Finally, we review the extent of the departure for an abuse of discretion. Id.
 
 
 11
 The probation officer made the following calculation for the bank fraud count:
 
 
 12
 BASE OFFENSE LEVEL (VIOLATION OF 18 USC 3147): 6
 
 ADJUSTMENT ACCORDING TO VALUE OF LOSS: 6
 ADJUSTMENT FOR MORE THAN MINIMAL PLANNING: 2
 
 13
 ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY: 2-
 
 OFFENSE LEVEL: 12
 
 14
 Khan's criminal history category was calculated to be I, resulting in a guideline range of 10-16 months for the bank fraud count. In addition, 18 U.S.C. Sec. 3147 requires a consecutive term of imprisonment for offenses committed while released on bond. The probation officer calculated the consecutive sentence as follows:
 
 BASE OFFENSE LEVEL (VIOLATION 18 USC 3147) 6
 ADJUSTMENT ACCORDING TO UNDERLYING OFFENSE 4
 
 15
 ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY 2-
 
 OFFENSE LEVEL: 8
 
 16
 For criminal history category I, this calculation results in a consecutive sentence of 2-8 months. The probation officer preparing the PSR recommended a total sentence for the bank fraud committed while released on bail of 56 months. This represents a departure of 32 months over the maximum 16 months for the bank fraud, plus the maximum consecutive increase of 8 months for commission of the offense while released on bail.
 
 
 17
 The presentence report listed the following justifications for the recommended departure of 32 months. First, the fraud was committed for the express purpose of leaving the country to avoid trial on the arson and food stamp charges. While on bail, Khan fraudulently obtained a Fijian passport (he had been required to surrender his passport as a condition of release). He used the illicit proceeds of a check kiting scheme to flee the country. Finally, when returned to the jurisdiction of the court, he attempted to bribe a witness against him in a final effort to avoid the consequences of his criminal activities.
 
 
 18
 The sentencing judge recited these same reasons for his decision to depart at Khan's sentencing hearing. The judgment of conviction states that the judge adopts and incorporates the findings of fact in the PSR. Because none of the aggravating circumstances that formed the basis of the district court departure are inherent in or even common to the commission of bank fraud, we conclude that these factors were not adequately taken into account by the commission in determining the sentencing range for this offense. We further conclude that the factual findings supporting the existence of the aggravating factors are amply supported by the record and are not clearly erroneous.
 
 
 19
 Finally, we must examine whether the extent of the departure constituted an abuse of discretion. Khan argues that a 32 month departure from a sentencing range of 10-16 months constitutes an abuse of discretion. Whether that is so depends upon the basis for the departure.
 
 
 20
 The probation officer was careful in explaining his reasons for the 32-month departure. In selecting the length of departure to recommend, the officer calculated the sentence that would have been available under the guidelines if all of Khan's uncharged conduct had been charged. He reported:
 
 
 21
 The multiple count rule must be utilized to determine a more accurate adjusted offense level. The fraud offense has an offense level of fourteen. The Passport offense has an offense level of six and the failure to appear, a level twelve. The Bribery count is rated a level eighteen. Utilizing the multiple count rules, the highest offense level (Bribery of a Witness--level 12) is increased by three more units to take into consideration the additional offenses committed by Mr. Khan. A new adjusted offense level is twenty-one. Adjusting for acceptance of responsibility, the final offense level is nineteen. A new guideline range of thirty to thirty-seven months is appropriate and a decision at the top of the guidelines can be easily justified.
 
 
 22
 Presentence Report at 16. The officer then justified his recommendation for a departure beyond the thirty-seven month total by explaining that the grouping rules do not adequately reflect the seriousness of lower offense level conduct if some of the grouped conduct is considerably more serious than other grouped conduct.
 
 
 23
 Id. He relied upon the commentary to section 3D1.4 when making this observation. He therefore recommended a sentence of 48 months for the bank fraud, to which a consecutive sentence of 8 months for commission of the offense while on parole was warranted.
 
 
 24
 Without expressing an opinion as to the accuracy of the officer's calculations, we are convinced that the 32-month departure was not an abuse of discretion. The extent of the departure is adequately explained and clearly related to the conduct that is the basis of the departure. Accordingly, we reject Khan's challenge to the upward departure from the guidelines on his bank fraud sentence.
 
 III.
 
 25
 Khan also challenges the district court's decision to impose consecutive, rather than concurrent, sentences. Khan relies upon our decisions in United States v. Brady, 928 F.2d 844, 849-50 (9th Cir.1991) and United States v. Pedrioli, 931 F.2d 31, 32-33 (9th Cir.1991). In those cases we held that the guidelines restrict a sentencing judge's ability to impose consecutive sentences. Both of those cases, however, dealt with sentencing on multiple offenses where the guidelines were applicable to each offense. Here, the guidelines were applicable only to Khan's bank fraud offense. The arson and food stamp crimes were pre-guidelines offenses and the guidelines do not apply.
 
 
 26
 Prior to the adoption of the sentencing guidelines, district courts were "accorded virtually unfettered discretion in imposing sentences[;] ... with strictly limited exception, sentences that [fell] within statutory limits [were] not subject to appellate review." United States v. Branco, 798 F.2d 1302, 1305 (9th Cir.1986). Accordingly, we have recognized that a district court may impose consecutive sentences on pre-guideline and guideline counts so long as the sentence for the guideline count is calculated "solely with reference to losses not considered in imposing the pre-guidelines sentence." See United States v. Niven, 952 F.2d 289, 294 (9th Cir.1991); United States v. Scarano, 975 F.2d 580, 586 (9th Cir.1992). Here, the record makes clear that the sentencing judge did not consider the conduct of the pre-guidelines offenses when determining Khan's sentence for the guideline offense. Therefore, the imposition of consecutive sentences does not implicate the double jeopardy clause. The district court acted within its discretion when it ordered the sentences to run consecutively.
 
 IV.
 
 27
 Khan next asserts that the district court erred by failing to grant him a two point reduction for acceptance of responsibility on the bank fraud count. As the government points out, the court's sentence on the bank fraud count does include the PSR's recommended two point reduction for acceptance of responsibility. Because the court granted the reduction, Khan's argument is meritless.
 
 V.
 
 28
 Khan next argues that the district judge apparently made a mathematical error in calculating Khan's sentence. At the sentencing hearing, the judge stated:
 
 
 29
 As to Count VII, the bank fraud count, that is a guideline count and the total offense level for the underlying bank fraud is 12. I think that an upward departure is well-justified because the total offense level, I believe, under-represents that seriousness of your criminal conduct in the community while on bond. I refer to the furious activity during that time of obtaining a fraudulent passport, which is reasonably serious in and of itself; your failure to appear in this Court; the fact that you absconded to another country and the fact that you schemed to bribe a witness.
 
 
 30
 I believe that all of that conduct, particularly the performance of that conduct is not represented in the total offense level that were given by the guidelines.
 
 
 31
 Accordingly, I find that an upward departure of eight months is reasonable for the reasons I've just stated.
 
 
 32
 Based on the upward departure and original guideline statement, I'm going to sentence you to 48 months on Count VII. Additionally, I'm going to impose a penalty enhancement to Count VII of eight months, this to run consecutive to the sentence imposed on Count VII.
 
 
 33
 Kahn argues that the judge intended to depart upward eight months from the level twelve guideline. That would result in a sentence of 24 months for a criminal history category I offender. According to Khan, the judge then intended to add the eight-month consecutive sentence for commission of the offense while released on bail, resulting in an ultimate sentence of 32 months. This conclusion, however, is inconsistent with the judge's pronouncement that he is imposing a sentence of 48 months, followed by the consecutive eight month penalty enhancement. Khan argues therefore that the "court's mathematical error has resulted in a sentence double what it appears the court intended on count VII."
 
 
 34
 The government responds that the transcript is inaccurate. It contends that rather than stating that he was departing "eight months," the judge must have said that he was departing "to forty-eight months." Accordingly, the government has made a motion that this court correct the alleged transcript error pursuant to Fed.R.App.P. 10(e).
 
 
 35
 The government has not shown clearly that the transcript is incorrect, and we deny its motion. This denial does not aid Khan, however, Having reviewed the transcript of both the August 26 and September 3 sentencing proceedings, we agree with the government's position that even if the transcript is correct, it is clear that the judge intended that the sentence be the 48 months recommended in the presentence report, to be followed by an eight-month consecutive sentence for commission of the offense on parole. Indeed, the court clearly stated that the total sentence, prior to the eight month consecutive sentence, was to be 48 months. The presentence report was very complex and detailed. In the hearings, the court consistently adhered to the recommendations of the probation officer. Finally, in light of the fact that Kahn did not object to the "mathematical error" at the sentencing hearing, we decline at this point to vacate his sentence.
 
 VI.
 
 36
 Khan next argues that the district court improperly based his food stamp sentence on $324,000 worth of food stamps when in fact he had only unlawfully redeemed $65,000 worth.[1] Because his sentence was imposed for a pre-guidelines offense, the district court possessed "virtually unfettered discretion in imposing [Khan's] sentence." Branco, 798 F.2d at 1305. To have his sentence vacated on this ground, Khan must show that the district court relied upon information that lacks some minimal indicia of reliability. See United States v. Monaco, 852 F.2d 1143, 1149 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989).
 
 
 37
 First, it is not clear that the district court relied upon the amount of the food stamps stolen in determining Khan's sentence. The court stated:
 
 
 38
 With respect to Count II, the statutory maximum is five years for that count, so I'm going to sentence you to four years, Mr. Khan. I find the crime to be one of pure greed not necessitated by need or circumstances.
 
 
 39
 And although the court ordered restitution of $324,000 to the Bank of America, it does not appear that the court necessarily concluded that Mr. Khan had redeemed $324,000 worth of coupons. The presentence report stated: "Although only $65,000 in stolen food stamp coupons could be directly traced to the defendant, he was certainly involved in a conspiracy which resulted in a loss of $324,000 to Bank of America." In support of this finding the government had presented the affidavit of the person from whom Khan had received the food stamps that Khan unlawfully redeemed, in which that person stated that Khan was aware of the theft.
 
 
 40
 In light of these facts, we are not convinced that the sentencing judge exceeded the limits of his discretion in imposing a four-year sentence. Khan has not demonstrated that the judge relied upon the higher amount of food stamps. Indeed the judge did not refer to the amount, but rather referred to Khan's motive when imposing sentence. Moreover, we are not persuaded that there was insufficient indicia of reliability for the district judge to rely upon the higher amount, even if he did so.
 
 VII.
 
 41
 Khan next asserts that he received ineffective assistance of counsel at sentencing. Generally, we will not hear an ineffective assistance of counsel claim on direct review; such claims properly are brought by way of collateral attack under 28 U.S.C. Sec. 2255. United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989), cert. denied, 498 U.S. 819 (1990). Although we have at times agreed to review ineffectiveness claims on direct appeal, we will do so only where "the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel." Id. (emphasis added). This is not such a case. We therefore decline to address Khan's claim on direct review.
 
 VIII.
 
 42
 Finally, Khan argues that the imposition of the consecutive sentence on the guidelines offense of bank fraud violates the ex post facto clause of the Constitution because the additional imprisonment time makes him ineligible for parole. We reject this argument summarily. The application of the guidelines in this case does not "punish as a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a crime, after it was committed; nor deprive [Khan] of any defense available according to law at the time [his crime] was committed." Collins v. Youngblood, 497 U.S. 37, 52 (1990). The consequence of being ineligible for parole would have resulted from a consecutive sentence on the bank fraud count regardless of whether that sentence was calculated pursuant to the guidelines or under the law as it existed prior to the guidelines. As originally enacted in 1984, 18 U.S.C. Sec. 1344, provided for a maximum penalty of 5 years. Pub.L.No. 98-473, 98 Stat. 2147.[2] The ultimate sentence in this case was below that maximum. Therefore, even before the enactment of the guidelines, a sentence that did not allow for parole was available. Accordingly, the ex post facto clause has not been violated in this case.
 
 IX.
 
 43
 Because we reject each of Khan's challenges, his sentence is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The $324,000 figure represents the amount of food stamps that the person from whom Khan had received the stamps had stolen from Bank of America
 
 
 [2]
 This maximum was increased to twenty years in 1989 and thirty years in 1990