IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40360

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TWILA DENISE BATES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-98-29

_____

October 17, 2000

Before KING, Chief Judge, WIENER, Circuit Judge, and LYNN,[*]

District Judge.

PER CURIAM:[**]

Twila Denise Bates was convicted on three counts of

distribution of cocaine base in violation of 21 U.S.C.

---

[*]District Judge of the Northern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§§ 841(a)(1) and (b)(1)(C) and on one count of conspiracy to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  The district court sentenced Bates to 240 months on each of the distribution counts.  On the conspiracy conviction, the district court enhanced Bates's sentence by three levels after finding that she was a "manager or supervisor" of criminal activity involving five or more participants.  Consequently, Bates was sentenced to 324 months in prison on this charge.  Bates timely appealed the sentence on the conspiracy conviction, arguing that the evidence was insufficient to support the district court's finding that her criminal activity involved five or more participants.  For the following reasons, we VACATE the sentence on the conspiracy conviction and REMAND to the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

One recommendation in the Presentence Investigation Report (PSR) was that the district court adjust Bates's offense level by four levels for her role as a "leader or organizer" of criminal activity involving five or more participants.  The reference to the number of participants stated:

> As to role adjustments, Bates is viewed as the primary source of crack cocaine into the organization which involved Toliver, Craig Jones, Warren Johnson, Raymond Ramirez, and Thomas Durham who distributed the contraband to regular customers.  Toliver was the primary source of contraband to Jones who sold the drugs for her.

2

PSR, at 4, ¶ 9 ("Paragraph 9").  Bates objected to Paragraph 9 because, <u>inter</u> <u>alia</u>, it failed to cite to the specific information relied on to reach its conclusion.  Over Bates's objections, the district court found that there were five or more participants and named Bates, Toliver, Ramirez, Durham, and Jones.  However, the district court determined that Bates was a manager or supervisor of the activity, rather than a leader or organizer, and thus increased Bates's sentence by three levels under § 3B1.1(b) of the U.S. Sentencing Guidelines.  <u>See</u> U.S. Sᴇɴᴛᴇɴᴄɪɴɢ Gᴜɪᴅᴇʟɪɴᴇs Mᴀɴᴜᴀʟ § 3B1.1(b) (1998).  After making this finding, the district court, "in all other respects," adopted the findings set forth in the PSR.

## II. STANDARD OF REVIEW

The district court's decision to increase Bates's offense level by three points for her aggravating role in the transaction is a finding of fact that should be reviewed for clear error. <u>See</u> <u>United States v. Kelley</u>, 140 F.3d 596, 609 (5th Cir. 1998); <u>United States v. Narvaez</u>, 38 F.3d 162, 166 (5th Cir. 1994). "There must be an acceptable evidentiary basis for the court's fact findings at the sentencing hearing." <u>Kelley</u>, 140 F.3d at 609.  However, if there are no factual findings supporting a decision, we review that decision de novo.  <u>See</u> <u>United States v. Castaneda</u>, 162 F.3d 832, 836 & n.24 (5th Cir. 1998) ("We agree that [clear error] is the appropriate standard for reviewing a

3

district court's findings as to the underlying facts . . . . In the absence of such factual findings, however, we must conduct a de novo review[.]").

### III. DISCUSSION

Bates contends that the PSR lacked sufficient indicia of reliability to support the finding that Durham was a participant in the criminal activity managed or supervised by Bates. She asserts that the only information in the record that can support the court's finding is Paragraph 9, which she argues is a "single conclusory statement." Without Durham's inclusion, Bates contends that there is an inadequate number of participants on which to base the adjustment.

The Government responds that evidence from the PSR, the trial, and the Government's sentencing memorandum "overwhelmingly established criminal activity involving at least five participants." It contends further that although the district court identified only five participants, the evidence demonstrated that there were other criminal participants not specified by the court. The Government concedes that the participation of four of the individuals listed by the court-- Toliver, Bates, Ramirez, and Jones--was established through trial testimony, whereas Durham's involvement was discussed only in the Government's sentencing memorandum. The Government asserts, however, that the information in the sentencing memorandum was

"hardly conclusory." Therefore, the Government argues that Bates's sentence should be affirmed.

Rule 32 of the Federal Rules of Criminal Procedure provides that when a defendant objects to portions of the PSR, the district court "must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in . . . sentencing." FED. R. CRIM. P. 32; see also United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994). If the PSR is controverted, "the party seeking an adjustment in the sentence level must establish the factual predicate justifying the adjustment by a preponderance of relevant and sufficiently reliable evidence." United States v. Elwood, 999 F.2d 814, 817 (5th Cir. 1993) (internal quotations and citation omitted).

Rule 32 does not, however, "'require a catechismic regurgitation of each fact determined and each fact rejected.'" Puig-Infante, 19 F.3d at 943 (quoting United States v. Sherbak, 950 F.2d 1095, 1099 (5th Cir. 1992)); see also United States v. Gallardo-Trapero, 185 F.3d 307, 324 (5th Cir. 1999), cert. denied, 120 S. Ct. 961 (2000). Instead, the court may make implicit findings by adopting the PSR. See Gallardo-Trapero, 185 F.3d at 324. However, "'[b]ald, conclusionary statements do not acquire the patina of reliability by mere inclusion in the PSR.'"

United States v. Rome, 207 F.3d 251, 254 (5th Cir. 2000) (quoting

Elwood, 999 F.2d at 817-18).[1]

In this case, the district court stated that it had based

its findings regarding the five participants upon the trial

testimony.  However, there was no testimony or evidence

concerning Durham at trial.  The only reference to Durham in the

record, aside from that in the Government's sentencing

memorandum, is contained in Paragraph 9.  We agree with Bates

that the simple inclusion of Durham's name in Paragraph 9 does

not have sufficient indicia of reliability to support the

district court's finding that Durham was a participant.  Instead,

it is a "bald, conclusionary statement" qualifying Durham as a

participant, unsupported in the factual allegations in the PSR or

in the addendum to the PSR.  Nor did the Government produce any

---

[1]  Furthermore, we have recently held that a sentencing court clearly errs in concluding that individuals are "participants" for the purpose of a § 3B1.1 sentence enhancement "without first determining that each of them was criminally responsible for commission of an offense."  United States v. Maloof, 205 F.3d 819, 830 (5th Cir. 2000).  The commentary to § 3B1.1 defines a "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted."  U.S. SENTENCING GUIDELINES MANUAL § 3B1.1 cmt. 1.

The facts in Maloof are similar to those in this case because the sentencing court in Maloof, in enhancing the defendant's sentence under § 3B1.1(a), merely listed the five participants who were alleged to have been involved in a conspiracy to restrain trade in violation of the Sherman Act.  See Maloof, 205 F.3d at 830.  The Maloof decision is unclear as to whether the court relied upon a PSR or testimony; however, this court vacated the defendant's sentence and remanded to the district court "with instructions to clearly articulate the legal and evidentiary bases for the punishment to be imposed and to resentence [the defendant] accordingly."  Id. (emphasis added).

evidence at the sentencing hearing regarding Durham when Bates objected.

Although the PSR is an insufficient evidentiary basis to support the finding that Durham was a participant, the Government nevertheless urges us to fill the gap by relying on its sentencing memorandum. The sentencing memorandum (which did not rely on Durham to reach the requisite five participants) stated:

> Durham advised the FBI that he purchased half ounce quantities from Bates on two or three occasions in 1997. These purchases took place in Houston. Durham also stated that he purchased crack from Raymond Ramirez on 50 occasions prior to Ramirez going to drug rehabilitation in 1996.

The Government argues that the sentencing memorandum provided sufficiently reliable information to support the finding that Durham was a participant. In principle, we agree with the Government that sentencing courts may rely upon a sentencing memorandum. However, in the instant case, we are unsure that the district court in fact did so.

"In determining . . . whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S. SENTENCING GUIDELINES MANUAL § 1B1.4. Moreover, when resolving a dispute over a particular issue, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial." Id. § 6A1.3.

7

However, such evidence must have "sufficient indicia of reliability," and "the parties shall be given an adequate opportunity to present information to the court regarding [the disputed factor]." Id.

This court has relied upon a Government sentencing memorandum to support a finding on a restitution amount. See United States v. Plewniak, 947 F.2d 1284, 1290 (5th Cir. 1991).[2] Moreover, we have approved of the consideration of a letter attached to a sentencing memorandum when imposing a sentence, see United States v. Adi, 759 F.2d 404, 410-11 (5th Cir. 1985), and we have required a court to make factual findings regarding a defendant's objections to information within a sentencing memorandum, see United States v. Manotas-Mejia, 824 F.2d 360, 368-69 (5th Cir. 1987). These cases demonstrate that a

---

[2] We note that many of our sister circuits have also upheld findings based upon a Government's sentencing memorandum. See, e.g., United States v. Roper, 135 F.3d 430, 434 (6th Cir. 1998) (upholding sentencing court's finding of defendant's perjury under clear error "[b]ecause the Government's sentencing memorandum proffered that [defendant] had perjured himself"); United States v. Spencer, 129 F.3d 246, 253-54 (2d Cir. 1997) (finding that district court properly applied sentence enhancement after it "explicitly endorsed the Government's sentencing memorandum listing the number of persons"); United States v. Booze, 108 F.3d 378, 329 (D.C. Cir. 1997) (concluding that sentencing court could properly rely upon Government's sentencing memorandum because defendant failed to dispute its representations); United States v. Parikh, 858 F.2d 688, 697-98 (11th Cir. 1988) (approving district court's reliance upon sentencing memorandum when defendants "did not allege a factual inaccuracy"); United States v. Branco, 798 F.2d 1302, 1306 (9th Cir. 1986) (finding court's reliance upon sentencing memorandum appropriate when no reason to suggest information to be unreliable existed).

sentencing memorandum may be relied on by a sentencing court if it meets the test of sufficient reliability.

The references to Durham in the sentencing memorandum were not conclusionary, and the information originated from interviews with the FBI. On its face, the sentencing memorandum may be sufficiently reliable in the absence of opposing evidence by Bates. The problem here is that the district court did not indicate that it had relied on the sentencing memorandum, nor did it make any finding as to its reliability.

Because we are unable to determine whether the district court took into account the sentencing memorandum and nothing expressly relied on by the district court provides an evidentiary basis for the conclusionary statement in Paragraph 9, we vacate Bates's sentence on the conspiracy conviction and remand to the district court with instructions that the district court (i) make a specific finding on Durham's involvement,[3] (ii) choose another individual for whom the record provides an evidentiary basis for a finding of participation or (iii) forego the enhancement.[4]

---

[3] Bates did not object to the accuracy of the sentencing memorandum in her case. However, she had already objected specifically to the PSR's statement containing the reference to Durham. Therefore, we believe a disputed issue exists regarding Durham's involvement that the district court failed to address by making the appropriate findings. The district court can, if it chooses, rely upon the sentencing memorandum's information regarding Durham, and Bates may offer further objections.

[4] Moreover, we are mindful of the Supreme Court's decision in Williams v. United States, which would preclude remand if this court is able to determine that "the district court would have

## IV. CONCLUSION

Bates's conviction is AFFIRMED, her sentence on the conviction for distribution is AFFIRMED, her sentence on the conspiracy conviction is VACATED, and the case is REMANDED to the district court for resentencing on the conspiracy conviction.

---

imposed the same sentence had it not relied upon the invalid factor or factors." 503 U.S. 193, 203 (1992). However, because we are constrained by <u>Maloof</u>'s requirement that the sentencing judge must first make a finding that each participant is criminally responsible for the offense, we cannot conclude that such a harmless error analysis is appropriate in this case. The district court made no findings to guide us in an analysis of whether it would have found other individuals, aside from the five named at sentencing, responsible for the offense. Therefore, we are unable to determine if the district court would have imposed the same sentence had it not relied upon Durham as a participant.